PER CURIAM.
By this interlocutory appeal, we are asked to review the propriety of a non-final order changing the venue of this cause. We have jurisdiction to entertain this appeal. Art. V, § 4(b)(1), Fla. Const.; Fla.R. App.P. 9.130(a)(3)(A).
Our review of the record reveals that the defendants, Steven Krevoy and Roger Loughney, filed an unsworn motion below to change the venue of this cause. No affidavits were attached to the motion and no testimony or evidence was presented to the trial judge on the motion. The law is well-settled that on a motion for change of venue:
“The defendant has the burden of pleading and proving that the venue is improper in a lawsuit, assuming that the plaintiffs complaint does not affirmatively show that the venue is lacking. This burden can only be satisfied by pleading and proving facts before the trial court which will defeat the venue as laid. Permenter v. Bank of Green Cove Springs, 136 So.2d 377 (Fla. 1st DCA 1962); Florida Forms, Inc. v. Barkett Computer Services, Inc., 311 So.2d 730 (Fla. 4th DCA 1975).”
Davis v. Dempsey, 343 So.2d 950, 952 (Fla. 3d DCA 1977). The complaint in this case does not affirmatively show that venue is lacking in Dade County under Section 47.-011, Florida Statutes (1983), and the defendant failed to plead or prove any facts which would defeat such venue. Under the established law, the defendant’s motion for change of venue should have been denied.
The order under review is reversed and the cause is remanded for further proceedings.
Reversed and remanded.