527 So.2d 953 (1988)
AMERICAN THERMOPLASTIC EXTRUSION COMPANY, Appellant,
v.
TACKETT PLASTICS, INC., Appellee.
No. 88-416.
District Court of Appeal of Florida, Third District.
July 5, 1988.
Rosenfeld & Stein, North Miami Beach, for appellant.
Michael Edwards, Ft. Lauderdale, for appellee.
Before SCHWARTZ, C.J., and HUBBART and PEARSON, JJ.
PER CURIAM.
This is an appeal from a non-final order transferring the venue of an accountstated action from Dade County to Polk County. Because (a) the plaintiff American Thermoplastic Extrusion Co. is, without dispute, located in Hialeah, Florida, which is located in Dade County, and (b) there is no showing in this record where the alleged debt was to be paid, it is presumed that the debt was to be paid in Dade County, where the plaintiff/creditor resides. It therefore follows that the venue of the instant action was properly laid in Dade County because it is here that "the cause of action accrued" under Section 47.051, Florida Statutes (1987), when the defendant Tackett Plastics, Inc. allegedly refused to pay the debt in Dade County. See Croker v. Powell, 115 Fla. 733, 747, 156 So. 146, 151 (1934); Itel-Pas, Inc. v. Jones, 389 So.2d 1085, 1086 (Fla. 3d DCA 1980); Davis v. Dempsey, 343 So.2d 950, 952 (Fla. 3d DCA 1977); First Int'l Realty Inv. Corp. v. Cochran, 314 So.2d 214, 215 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 15 (Fla. 1976); Florida Forms, Inc. v. Barkett Computer Servs., Inc., 311 So.2d 730, 731-32 (Fla. 4th DCA 1975).
The fact that the contract involved in this case was negotiated in Polk County, and that delivery of the items sold was accomplished in Polk County cannot change this result. This is so because the debt incurred through this contract was presumptively payable in Dade County, and no action accrued thereon until the defendant refused to pay the said debt in Dade County. Obviously, the action did not accrue *954 during the contract negotiations between the parties; and, in the absence of an agreement to that effect, the debt was not payable in Polk County, where the goods were delivered.
Moreover, the fact that the defendant has an office in Polk County for the transaction of its customary business and could, therefore, have been sued in Polk County under Section 47.051, Florida Statutes (1987), cannot change this result either. The plaintiff has the choice of selecting venue under the above statute, see Houchins v. Florida East Coast Ry., 388 So.2d 1287, 1289 (Fla. 3d DCA 1980); Bassett v. Talquin Elec. Coop., 362 So.2d 357, 358 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979); cf. Greyhound Corp. v. Rosart, 124 So.2d 708, 712 (Fla. 3d DCA 1960); see also M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99, 101 (Fla. 1st DCA 1961), and the plaintiff herein properly selected Dade County. There was no legal basis for upsetting this venue choice and transferring the cause to Polk County.
Reversed.