PER CURIAM.
This is an appeal from an order denying a motion to dismiss or to transfer for improper venue. The underlying suit seeks to recover certain worker’s compensation insurance premiums. Appellant, whose place of business is in Hillsborough County, objects to being sued in Broward County.
First, we reject appellant’s argument based upon the doctrine of forum non conve-niens, concluding that the trial court did not abuse its discretion in denying the motion on that ground.
Second, we examine the application of section 47.051, Florida Statutes (1991), to determine whether appellee, as plaintiff, was entitled to select Broward County as the proper venue for this action. The statute provides:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located....
*65 The third alternative offered by the statute is inapplicable. As to the first, the parties agree that appellant is based in Hillsborough, not Broward County. This leaves only the second alternative open for discussion and the parties are in dispute as to where the cause of action accrued.
While there is very little of substance in the record to support either parties’ contentions, we conclude that there is enough to justify a conclusion that payment was demanded in Hartford, Connecticut; thus, the cause of action accrued there and not in Broward County, Florida.
While the plaintiff may select the venue, it must be one of the alternatives set forth in the statute. Air South, Inc. v. Spaziano, 547 So.2d 314 (Fla. 4th DCA 1989). Since neither the second nor the third alternative was properly available in this case, appellee was limited to bringing the action in the county where appellant keeps an office for transaction of its customary business, Hillsborough County.
Accordingly, we reverse and remand with instructions to transfer the action to Hills-borough County.
REVERSED AND REMANDED.
HERSEY, POLEN and FARMER, JJ., concur.