672 So.2d 834 (1996)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Robert A. BURNS and Felisha Burns, Appellees.
No. 95-779.
District Court of Appeal of Florida, Third District.
January 17, 1996.
Opinion on Rehearing May 1, 1996.
Sparkman, Robb, Nelson & Mason, and Richard M. Nelson and John W. Reis, Miami, for appellant.
Maland & Ross, and Lauri Waldman Ross, Miami, for appellees.
*835 Before COPE, GERSTEN, and GODERICH, JJ.
GERSTEN, Judge.
Appellant, Government Employees Insurance Company (the "defendant"), appeals the trial court's sua sponte order transferring venue in a negligence action brought by appellees, Robert A. Burns and Felisha Burns (the "plaintiffs"). The plaintiffs cross-appeal the same order. We reverse because a trial court does not have authority to transfer a case from a proper venue on grounds of forum non conveniens without a challenge by either party.
The plaintiffs filed a negligence action against the defendant, seeking damages for an automobile accident that occurred in Escambia County. The plaintiffs sued in Dade County where the defendant does business. The defendant did not object.
At a hearing on a motion to permit neurological testing, the trial court announced it would sua sponte transfer the case from Dade County to Escambia County. Neither party had challenged venue by motion or pleading.
Although the plaintiffs argued against the transfer, the court stated: "I just don't see why the taxpayers should have the burden of trying a case of an accident that happened in Pensacola, Escambia County" and "For[um] non-covenien[s] is something that the Court can do on its own motion; but I don't think that this is a convenien[t] for[um] for it. I have fourteen hundred cases to try." The trial court then entered an order stating that "this Court on its own Motion based upon forum non conveniens hereby transfers this action to Escambia County, Florida."
It is well established that where venue is proper in more than one county, the choice of forum rests with a plaintiff and will not lightly be set aside. Taylor v. Dasilva, 401 So.2d 1161 (Fla. 3d DCA 1981); Houchins v. Florida E.C. Ry. Co., 388 So.2d 1287 (Fla. 3d DCA 1980). A plaintiff's forum selection is presumptively correct, and in order to successfully challenge that selection, the burden is upon the defendant to show either substantial inconvenience or that undue expense requires a change for the convenience of the parties or witnesses. Hamm v. Ambassador Ins. Co., 456 So.2d 966 (Fla. 5th DCA 1984); Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983); Mann v. Goodyear Tire & Rubber Co., 300 So.2d 666 (Fla. 3d DCA 1974).
Requiring a defendant to meet the burden of showing there is a more convenient forum ensures the creation of record evidence supporting the transfer. In the absence of supporting evidence presented by a movant, it is error for a trial court to order a transfer. Graham v. Graham, 648 So.2d 814 (Fla. 4th DCA 1995); Breen v. Huntley Jiffy Stores, Inc., 610 So.2d 29 (Fla. 2d DCA 1992); 5740 Hollywood Boulevard, Ltd. v. Orange Leaf, Inc., 518 So.2d 969 (Fla. 3d DCA 1988); Singer v. Krevoy, 457 So.2d 590 (Fla. 3d DCA 1984); Bassett v. Talquin Elec. Coop., Inc., 362 So.2d 357 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla.1979); see Foster Marine Contractors, Inc. v. Southern Bell Tel. & Tel. Co., 541 So.2d 114 (Fla. 4th DCA 1989) (requiring trial court to review quality of supporting evidence as well as quantity of affidavits showing out-of-county contacts).
In addition to the requirement of supportive record evidence, the parties must also have sufficient notice prior to a hearing. Dalomba-Herrera v. Bush, 645 So.2d 117 (Fla. 5th DCA 1994). It is error for a trial court to transfer venue without providing the parties with appropriate notice and an opportunity to be heard. Hewitt Contracting Co. v. Joyner Elec., Inc., 616 So.2d 190 (Fla. 5th DCA 1993); Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc., 461 So.2d 1036 (Fla. 4th DCA 1985).
Here, it is undisputed that the plaintiffs selected a proper venue. Moreover, the defendant never filed any type of petition, objections, or other formal request to transfer venue. In the absence of a showing by the defendant to overcome the presumption of correctness as to the plaintiff's venue choice, there "is no legal basis for upsetting this venue choice." American Thermoplastic Extrusion Co. v. Tackett Plastics, Inc., 527 So.2d 953, 954 (Fla. 3d DCA 1988); see Sage *836 v. Travelers Indem. Co. of Hartford, 239 So.2d 831 (Fla. 4th DCA 1970) (holding plaintiff has right to maintain action in proper forum "in the absence of a motion to transfer and a proper showing under Section 47.122,... and in the absence of the defendant's claim of venue privilege").
While there are no Florida cases on point, we can compare cases that construe the rule providing for transfers based upon improper venue. When an action is filed in an improper venue, Rule 1.060(b) provides that "the court may transfer the action ... to the proper court in any county or district where it might have been brought in accordance with the venue statutes." Fla.R.Civ.Pro. 1.060(b). This language gives the court authority to transfer only when a timely Rule 1.140 motion challenging improper venue has been made. Jerolaman v. Van Buren, 512 So.2d 1138 (Fla. 1st DCA 1987); Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980).
Section 47.122 states, "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." § 47.122, Fla.Stat. (1993). We construed the language in Rule 1.060(b) as requiring a challenge prior to transfer even though the circumstances involved an improper venue selection. Gross, 387 So.2d at 1048. Under the even more compelling circumstances where venue is proper, we cannot escape concluding that the trial court's authority to transfer a case because the forum is inconvenient must also be predicated upon a proper challenge.[1]
The trial court's discretion to transfer under Section 47.122 is not unbridled and must be predicated upon a showing that the parties or witnesses will suffer substantial inconvenience or undue expense due to the chosen forum. Ashland Oil, Inc. v. Florida Dept. of Transp., 352 So.2d 567 (Fla. 2d DCA 1977). As noted in Ashland, 352 So.2d at 569: "No decision has come to our attention which approves the convenience of the courts as the sole basis for change of venue that is otherwise properly selected by the plaintiff. We are not inclined, nor do we believe the legislature intended, to extend statutory forum of convenience to such considerations."
A trial court does not have the authority to disturb the plaintiff's choice of proper forum based upon considerations of its own convenience. Ashland, 352 So.2d at 569. We recognize the trial court's concerns in attempting to control its docket and to preserve judicial resources. However, these concerns do not constitute a valid reason for transfer. A trial court should not be allowed to assume an adversarial role on the issue of convenience. There is simply no showing that it would have been more convenient for the litigants or their witnesses to try this action in Escambia County. Therefore, the trial court abused its discretion in defeating the plaintiff's proper venue choice.
Finally, we note that several other jurisdictions have also concluded that a trial court does not have authority to sua sponte transfer venue.[2]See Urquhart v. Simmons, 339 *837 Md. 1, 660 A.2d 412 (1995); State ex rel. Edu-Dyne Sys., Inc. v. Trout, 781 S.W.2d 84 (Mo.1989); Fisk v. Thorp, 51 Neb. 1, 70 N.W. 498 (1897); Powers v. Delaware & H.R. Corp., 15 A.D.2d 620, 222 N.Y.S.2d 362 (1961); Stevens v. Blevins, 890 P.2d 936 (Okla.1995); Garzone v. Kelly, 406 Pa.Super. 176, 593 A.2d 1292 (1991); Robertson v. Gregory, 663 S.W.2d 4 (Tex.Ct.App.1983).
We recognize the trial court's wide discretion in determining whether a transfer should be made for the convenience of the parties and witnesses in the interest of justice. However, for the numerous reasons discussed above, that determination can only be made after an appropriate motion by a party.[3] A trial court may not sua sponte transfer a case on grounds of forum non conveniens in the absence of a challenge.
Reversed.
GODERICH, J., concurs.
COPE, Judge (concurring in part and dissenting in part).
I agree with the majority that the order under review must be reversed. I disagree with so much of the majority opinion as holds that a trial court can never sua sponte raise the question whether there should be a change of venue for the convenience of parties or witnesses or in the interest of justice under section 47.122, Florida Statutes (1993).
Section 47.122, Florida Statutes, states:
47.122 Change of venue; convenience of parties or witnesses or in the interest of justice.For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
The statute contains no requirement that a transfer under section 47.122 be raised only by motion of one of the parties.[4]
As a matter of Florida law, both the Fourth and Fifth Districts have allowed a trial court sua sponte to raise the question whether venue should be transferred to another county. Hewitt Contracting Co. v. Joyner Electric, Inc., 616 So.2d 190, 190-91 (Fla. 5th DCA 1993); Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc., 461 So.2d 1036, 1037 (Fla. 4th DCA 1985).[5] Both courts hold, however, that the "issue can be decided only after both parties receive appropriate notice and an opportunity to be heard." Hewitt Contracting Co. v. Joyner Electric, Inc., 616 So.2d at 191; Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc., 461 So.2d at 1037.
In the present case, like Hewitt Contracting and Morris-Edge Masonry, the trial court raised the section 47.122 issue sua sponte and transferred venue without giving any prior notice to the parties. The parties thus had no opportunity to prepare argument in opposition or to submit affidavits or other evidence which would shed light on the convenience of the parties and witnesses and the interest of justice. We should follow the Fourth and Fifth District rule by allowing the trial court to raise the venue transfer issue sua sponte, but only after giving the parties appropriate advance notice and a fair opportunity to be heard. We should therefore *838 reverse the venue transfer order on authority of Hewitt Contracting and Morris-Edge Masonry and remand for a new hearing.
It should also be noted that the Fourth and Fifth District rule is the same as that followed in the federal court system. This court has pointed out that Florida's section 47.122 "is identical to the Federal statute, 28 U.S.C.§ 1404(a), which has been construed in many federal appellate decisions." England v. Cook, 256 So.2d 403, 404 (Fla. 3d DCA 1972).[6] In England v. Cook this court followed federal precedent in deciding the venue transfer issue; likewise, in construing Florida's section 47.122, the First District has said that "[f]ederal case law is highly persuasive." Hu v. Crockett, 426 So.2d 1275, 1278 (Fla. 1st DCA 1983). Under federal precedent, "[t]he statute is broad enough that a judge can order transfer on his own initiative, but if the court is considering this course it should make that possibility known to the parties so that they may present their views about the transfer." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Civil § 3844, at 329-30 (1986) (footnote omitted).
The Fourth and Fifth District cases are correctly decided and should be followed. The trial judge bears ultimate responsibility for the administration of justice and should be able to raise the venue issue in the (rare) case where transfer may be called for. There is no merit at all to the parties' protestations that this would lead to wholesale docket clearing and improvident transfers. No such dire consequences have resulted in the Fourth and Fifth Districts, or the federal system. Trial courts must apply well-settled principles to venue transfer matters, and precedent accords deference to the plaintiff's choice of forum. Furthermore, since Florida allows an appeal of a venue transfer decision as a matter of right, see Fla.R.App.P. 9.130(a)(3)(A), the appellate courts can readily correct any misuse of the venue transfer power.
The order under review should be reversed and the cause remanded for a new hearing.

ON REHEARING
In our initial opinion, we concluded that Florida precedent did not allow a trial court to sua sponte transfer a case on grounds of forum non conveniens. On its own motion, this Court has reconsidered our decision in light of the subsequent Florida Supreme Court case of Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996).
In Kinney, 674 So.2d at 93, the Florida Supreme Court stated that "the time has come for Florida to adopt the federal doctrine of forum non conveniens." The closely-related federal transfer statute, 28 U.S.C. § 1404(a), has been interpreted as permitting a federal district court to sua sponte transfer a case based upon the parties' and witnesses' convenience. See Washington Public Utilities Group v. U.S. Dist. Court, 843 F.2d 319, 326 (9th Cir.1987) ("[S]ection 1404(a) does not expressly require that a formal motion be made before the court can decide that a change of venue is appropriate."); Lead Indus. Ass'n, Inc. v. OSHA, 610 F.2d 70, 79 n. 17 (2d Cir.1979) (section 1404(a) "would seem to permit" transfer sua sponte); Clisham Management, Inc. v. American Steel Bldg. Co., Inc., 792 F.Supp. 150 (D.Conn.1992) (district court may transfer venue sua sponte after providing parties with notice and opportunity to be heard).
Accordingly, we retract our previous opinion to the extent that it held a trial court could not sua sponte transfer a case based upon forum non conveniens. However, we adhere to our original opinion in reversing the order below, based upon the trial court's failure to provide the parties with appropriate notice and an opportunity to be heard. See Hewitt Contracting Co. v. Joyner Elec., Inc., 616 So.2d 190 (Fla. 5th DCA 1993); Morris-Edge Masonry, Inc. v. Tonn *839 & Blank, Inc., 461 So.2d 1036 (Fla. 4th DCA 1985).
Reversed and remanded for a hearing predicated upon all due process requirements to determine whether or not the doctrine of forum non conveniens applies according to Florida jurisprudence.
NOTES
[1] Unlike a motion challenging improper venue, we note that a motion challenging venue based upon forum non conveniens need not be made within the time limits set forth under Rule 1.140, Florida Rules of Civil Procedure. Whitehead v. National Crane Corp., 466 So.2d 412 (Fla. 3d DCA 1985); Gross v. Franklin, 387 So.2d at 1046.
[2] We do not overlook that Section 47.122 closely patterns federal statute 28 U.S.C. § 1404(a). Section 1404(a) has been interpreted as permitting a federal district court to sua sponte transfer a case based upon the convenience of the parties and witnesses. See Washington Public Utilities Group v. U.S. Dist. Court, 843 F.2d 319, 326 (9th Cir.1987) ("[S]ection 1404(a) does not expressly require that a formal motion be made before the court can decide that a change of venue is appropriate."); Lead Indus. Ass'n, Inc. v. OSHA, 610 F.2d 70, 79 n. 17 (2d Cir.1979) (section 1404(a) "would seem to permit" transfer sua sponte); Clisham Management, Inc. v. American Steel Bldg. Co., Inc., 792 F.Supp. 150 (D.Conn.1992) (district court may transfer venue sua sponte after providing parties with notice and opportunity to be heard). Recognizing that federal law is highly persuasive, we still decline to accept the federal construction which we find is not harmonious with the spirit and policy of Florida legislation and prior precedent. See State ex rel. Packard v. Cook, 108 Fla. 157, 146 So. 223 (1933) (state courts will follow federal courts in construing state statute patterned after federal law only if construction is harmonious with spirit and policy of Florida legislation); Pasco County Sch. Bd. v. Florida Pub. Employees Relations Comm'n, 353 So.2d 108 (Fla. 1st DCA 1977) (same).
[3] We disagree with the dissent's conclusion that the Fourth and Fifth Districts have adopted the same rule as that followed in the federal court system which permits sua sponte transfer. The issue of whether a trial court may sua sponte order a venue change was not analyzed in Hewitt Contracting Co. v. Joyner Electric, Inc., 616 So.2d 190 (Fla. 5th DCA 1993), or in Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc., 461 So.2d 1036 (Fla. 4th DCA 1985). This issue was apparently never raised on appeal, and the cases were decided based upon the obvious procedural defect that the plaintiffs did not receive appropriate notice and an opportunity to be heard. Nowhere is there any reference to the federal statute, 28 U.S.C. § 1404(a). Clearly under this Court's precedent in Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980), it makes sense to conclude that a trial court's authority to transfer a case on grounds of forum non conveniens must be predicated upon a proper challenge.
[4] By contrast, section 47.101, Florida Statutes, creates a right for a change of venue where a party believes he or she will not receive a fair trial. That statute is explicitly triggered by the filing of a motion. Id. No such requirement is contained in section 47.122.
[5] A sua sponte order transferring venue in a criminal case was considered in State v. Gary, 609 So.2d 1291 (Fla.1992), but the judge's statutory authority to initiate a transfer was not at issue in that case.
[6] The federal statute states:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have brought.
28 U.S.C. § 1404(a).