691 So.2d 21 (1997)
Shirley SULLIVAN, Appellant,
v.
Glenda KLEIN, Appellee.
No. 96-761.
District Court of Appeal of Florida, Third District.
March 26, 1997.
*22 Fowler, White, Gillen, Boggs, Villareal & Banker, P.A. and Bonita L. Kneeland, Tampa, for appellant.
Phillip J. Goldstein, Miami, for appellee.
Before GERSTEN, GODERICH and GREEN, JJ.

ON MOTION FOR REHEARING GRANTED
PER CURIAM.
We grant appellant's motion for rehearing, withdraw the opinion filed October 30, 1996, and substitute the following opinion:
This is an appeal from a non-final order denying appellant's motion to transfer venue from Dade County to Pinellas County, Florida, pursuant to section 47.122, Florida Statutes[1]. We reverse the order and remand with instructions that the trial court transfer the cause to Pinellas County, Florida.
Appellee, Glenda Klein, a resident of Canada, filed an action on November 28, 1995, in Dade County, Florida for injuries she allegedly sustained in an automobile accident which occurred on December 7, 1991 in Pinellas County, Florida. The complaint alleges that appellant, Shirley Sullivan, a resident of Oregon negligently collided into the rear end of appellee's automobile. Appellant subsequently filed a motion to transfer venue from Dade County to Pinellas County, Florida, contending that the forum chosen by appellee lacks any nexus with the accident, the parties or the witnesses. After a hearing on the motion, the motion to transfer venue was denied by the trial court. We find that the trial court abused its discretion in not transferring venue from Dade County to Pinellas County where both parties are non-Florida residents, the accident occurred in Pinellas County, there are potential witnesses, albeit nominal, residing in Pinellas County and the only connection to Dade County is the plaintiff's attorney. See E.I. DuPont De Nemours & Co. v. Fuzzell, 681 So.2d 1195 (Fla. 2d DCA 1996); Westchester Fire Ins. Co. v. Fireman's Fund Ins. Co., 673 So.2d 958, 959 (Fla. 3d DCA 1996) ("It is `in the interest of justice,' ... that a Dade County jury, which is both a scarce and precious resource, should not be burdened with determining a case that has no connection with Dade County."); see also Avis Rent A Car System, Inc. v. Broughton, 672 So.2d 656, 656 (Fla. 4th DCA 1996) (holding trial court abused its discretion in denying a motion for change of venue when only connection to county in which action is filed is the fact that nonresident corporation has agent there); Prudential Property and Cas. Ins. Co. v. Palma, 622 So.2d 594, 595 (Fla. 3d DCA 1993) (finding where record is devoid of any connection between Dade County and any of the factual occurrences in case or any of the witnesses who might be called to testify in case, trial court abused its discretion in denying motion for change of venue).
Reversed and Remanded.
NOTES
[1] Section 47.122, Fla. Stat. (1995) provides:

For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it may have been brought.