866 So.2d 114 (2004)
VERYSELL-HOLDING LLC, a foreign limited liability company, and Mikhail Krasnov, an individual, Appellants,
v.
Sergei TSUKANOV, an individual and Olga Tsukanov, an individual, Appellees.
No. 3D03-2490.
District Court of Appeal of Florida, Third District.
February 11, 2004.
*115 Seidman, Prewitt & DiBello, Thais Hernandez and Darin A. DiBello, Miami, for appellants.
Lyons & Farrar, and Charles Farrar, Coral Gables, for appellees.
Before COPE, GODERICH, and FLETCHER, JJ.
GODERICH, Judge.
The plaintiffs, Verysell-Holding LLC and Mikhail Krasnov, appeal from an order granting the defendants' ore tenus motion for enlargement of time to file their motion to dismiss for forum non conveniens and also granting the motion to dismiss. We affirm.
The plaintiffs filed a complaint against defendants, Sergei Tsukanov and Olga Tsukanov. On June 26, 2002, the defendants were served by substituted service. Thereafter, on March 3, 2003, the defendants filed a motion to dismiss for forum non conveniens, pursuant to Rule 1.061(a), Florida Rules of Civil Procedure. At the hearing on the motion to dismiss, the plaintiffs argued that pursuant to Rule 1.061(g), Florida Rules of Civil Procedure, the motion was untimely filed.[1] In response, the defendants made an ore tenus motion for enlargement of time[2] to file the motion to dismiss arguing that they had mistakenly believed that they were not required to file the motion to dismiss for forum non conveniens until the trial court had ruled on a previously filed motion. The defendants also argued that pursuant to Government Employees Insurance Co. v. Burns, 672 So.2d 834, 838 (Fla. 3d DCA 1996), the trial court had the inherent power to raise the issue of forum non conveniens sua sponte. The trial court entered an order granting the defendants' ore tenus motion for enlargement of time finding that the defendants had shown "excusable neglect." The trial court also found that, in the alternative, pursuant to Burns, it had the inherent power to raise the issue of forum non conveniens sua sponte. Finally, the trial court dismissed the action for forum non conveniens after applying the factors set forth in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). This appeal followed.
The plaintiffs contend that the trial court erred by considering the issue of forum non conveniens sua sponte after the expiration of the sixty-day time limit set forth in Rule 1.061(g). We disagree.
In Burns, this Court on rehearing held that a trial court can consider the issue of *116 forum non conveniens sua sponte. However, subsequent to the decision in Burns, Rule 1.061 was amended to impose a time limit on the service of motions to dismiss for forum non conveniens.[3] The plaintiffs argue that the time limit imposed by Rule 1.061(g) also applies to the trial court's ability to consider the issue of forum non conveniens sua sponte. We disagree.
The time limit imposed in Rule 1.061(g) applies to motions to dismiss for forum non conveniens. Specifically, Rule 1.061(g) states: "A motion to dismiss based on forum non conveniens shall be served not later than 60 days after service of process on the moving party." (emphasis added). This rule does not in any way apply to a trial court's ability to consider the issue sua sponte. Further, the commentary to Rule 1.061 does not address Burns and does not indicate that the time limit imposed by Rule 1.061(g) also applies to the trial court's ability to consider the issue of forum non conveniens sua sponte. Moreover, it would be impractical to impose the sixty-day time limit to a trial court's ability to consider the issue of forum non conveniens sua sponte because, in most instances, the trial court is not aware of the case prior to the expiration of the sixty-day time limit and even if aware, the case may not be postured in such a way as to allow the trial court to decide the issue of forum non conveniens. Therefore, we find that the time limit imposed by Rule 1.061(g) does not apply to a trial court's inherent power to raise the issue of forum non conveniens sua sponte.
Based on our disposition of the above issue, we do not need to address whether the trial court abused its discretion by granting the defendants' ore tenus motion for enlargement of time to file the motion to dismiss for forum non conveniens. Finally, the remaining issue raised by the plaintiffs lacks merit.
Affirmed.
NOTES
[1] Rule 1.061(g) provides:

(g) Time for Moving for Dismissal. A motion to dismiss based on forum non conveniens shall be served not later than 60 days after service of process on the moving party.
[2] The motion for enlargement of time was filed pursuant to Rule 1.090(b)(2), Florida Rules of Civil Procedure, which provides, in part, as follows:

(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion ... (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect....
[3] This amendment became effective January 1, 2001.