893 So.2d 671 (2005)
Charles MORRILL, III; Ryder Integrated Logistics, Inc.; KCCS, Inc.; Russell Engineering, Inc.; Owen Ayres & Associates, a foreign corporation; and Traffic Control Products of Florida, Inc., Appellants,
v.
John LYTLE, as Personal Representative of the Estate of Jennifer Lytle, deceased, and The Estate of Michael Alexander, II by and through Michael S. Alexander, Executor de son Tort, Appellees.
No. 1D04-3994.
District Court of Appeal of Florida, First District.
February 17, 2005.
*672 Dudley D. Birder, Jr. of Birder & Donsky Law Offices, Gainesville, for Appellant Charles Morrill, III.
Michael J. DeCandio of Marshall, Denehey, Warner, Coleman, Jacksonville, for Appellant KCCS.
G. Kenneth Norrie and Cheryl L. Worman, Jacksonville, for Appellant Russell Engineering, Inc.
Robert A. Cole of Cole, Stone, Stoudemire & Morgan, P.A., Jacksonville, for Appellant Owen Ayres & Associates.
Carl B. Schwait of Dell Graham, P.A., Gainesville, for Appellant Traffic Control Products of Florida.
Theodore S. Pina of Brown, Terrell, Hogan, Ellis, McClamma & Yegelwel, P.A., Jacksonville; Travis R. McDonough of Miller & Martin, PLLC, Chattanooga, Tennessee, for Appellee John Lytle.
Dennis G. Diecidue, Tampa, for Appellee Michael S. Alexander.
VAN NORTWICK, J.
Charles Morrill, III; Ryder Integrated Logistics, Inc.; KCCS, Inc.; Russell Engineering, Inc.; Owen Ayres & Associates, Inc.; and Traffic Control Products of Florida, Inc., all defendants below, appeal an order denying a transfer of venue to Alachua County pursuant to section 47.122, Florida Statutes (2002), of the consolidated actions filed in Duval County, Florida by appellees, John Lytle, as personal representative of the estate of Jennifer Lytle, and the estate of Michael Alexander, II, by and through Michael S. Alexander, as executor *673 de son tort. The two underlying wrongful death actions arose from a November 22, 2002 vehicular collision on northbound Interstate Highway I-75 in Alachua County, Florida. The appellees allege that their decedents were fatally injured when the vehicle in which they were traveling struck a stationary vehicle situated on I-75 in the proximity of a roadway construction project in which appellants KCCS, Russell Engineering, Ayres, and Traffic Control Products of Florida, were involved; and, then, the appellees' vehicle was struck by a following vehicle driven by appellant Morrill and owned by appellant Ryder. The record reflects that the only nexus of these cases to the forum court is the location of the corporate offices of two appellants and that many witnesses are located in or near Alachua County. Thus, we hold that it was an abuse of discretion to deny the venue change and we reverse and remand for further proceedings.
We review the trial court's denial of a venue change under an abuse of discretion standard of review and, in such review, we are controlled by our decisions in Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983) and Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377 (Fla. 1st DCA 1997). While the trial court below was correct in concluding that under section 47.051, Florida Statutes (2002), an action may be brought in a county in which a foreign corporation maintains an agent or representative, section 47.122 authorizes the trial court to transfer the actions to any other court in which it might have been brought "[f]or the convenience of the parties or witnesses or in the interest of justice...." The most important of the three statutory factors in section 47.122 is the convenience of the witnesses. Hu, 426 So.2d at 1279.
Here, the only facts supporting venue in Duval County are that appellants Ayers and Ryder maintain corporate offices in Jacksonville and that certain of the attorneys practice in Jacksonville. Other than the location of those offices, which the record reflects were not involved with this action, no party or witness is located in Jacksonville and no pertinent document is maintained in Jacksonville. On the other hand, the affidavits in the record reflect that numerous witnesses are located in or near Alachua County, including the investigating Florida Highway Patrol officer.
Florida courts have consistently held that it is error to deny a transfer of venue where a vehicular accident occurs in a Florida county other than the forum county and the witnesses are located outside of the forum county and many or most of the witnesses are located in the county in which the accident occurred. See, e.g., Sullivan v. Klein, 691 So.2d 21, 22 (Fla. 3d DCA 1997) (trial court abused its discretion in denying transfer from Dade County to Pinellas County where accident occurred in Pinellas and there were potential Pinellas witnesses "albeit nominal," whereas plaintiff's attorney was only Dade connection); Avis Rent A Car System, Inc. v. Broughton, 672 So.2d 656 (Fla. 4th DCA 1996)(trial court abused its discretion in denying transfer of venue from Broward to Brevard County where only connection to Broward County was the fact that corporate defendant maintained resident agent in the county and investigating officers and other witnesses were located in Brevard County where accident occurred); Prudential Property and Casualty Ins. Co. v. Palma, 622 So.2d 594, 595 (Fla. 3d DCA 1993)(trial court abused discretion in denying transfer from Dade County to Volusia County where defendant insurance carrier did business statewide but record was devoid of "any connection between Dade County and any of the factual occurrences *674 in this case or any of the witnesses...."); and Hertz Corp. v. Rentz, 326 So.2d 216, 217 (Fla. 4th DCA 1976)(trial court abused its discretion in denying transfer from Orange County to Jackson County where only contact with Orange County was agent or representative of nonresident corporate defendant).
In addition, we find without merit the appellees' argument that appellants' venue defense was waived. The defense of improper venue may be waived if not timely or sufficiently asserted. See Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100, 102 (Fla.1955); Host Marriott Tollroads, Inc. v. Petrol Enterprises, Inc., 810 So.2d 1086, 1088 (Fla. 4th DCA 2002). The appellants' venue defense here was properly asserted in their responsive pleadings. See Host Marriott Tollroads, Inc., 810 So.2d at 1088. Further, the fact that the trial court denied a transfer of venue in the action filed by appellee Lytle prior to the time the action was filed by appellee Alexander, and no interlocutory appeal of that denial was taken, did not constitute a waiver under the circumstances here. At the hearing on the motion to consolidate these two actions, the trial court clearly stated that, notwithstanding the consolidation, appellants would be allowed to argue their venue issues as to both consolidated cases.[1]
Given the undisputed facts showing that these actions have a very limited nexus to Duval County and that venue in Alachua County would serve the convenience of the witnesses, it was an abuse of discretion to deny a change of venue. REVERSED and REMANDED for proceedings consistent with this opinion.
ALLEN AND PADOVANO, JJ., CONCUR.
NOTES
[1] At the hearing on the motion to consolidate, the following exchange occurred:

MR. NORRIE:
* * *
Now, if the cases are consolidated  speaking only for my client, which is Russell Engineering, I don't really have a problem with that.
But I want it clear that we're not waiving our argument that the venue issues in the Lytle case are clear of any argument that, well, you should have appealed the first one on an interlocutory basis, even though you didn't have to. That sort of thing that's being raised in the Alexander case. Because those are, we'll argue, fresh and clean. And, you know, the court may disagree. But I just want to make sure that if we consent to the consolidation, we're not consenting that the Lytle motions are on all fours with the Alexander  the later-filed Alexander motions.
So that would be my only concern.
THE COURT: Does anyone want to comment on that?
* * *
Is the only objection to the consolidation then this question of venue; that you feel you might be prejudiced when it comes to the issue of venue?
MR. NORRIE: That's the only one my client Russell Engineering would have.
* * *
THE COURT: Okay. Well, it makes sense to me to consolidate. So I will consolidate without prejudice to any of your venue issues.
I will hear them fresh, and if they are persuasive perhaps I'll change my mind on Lytle.
So we'll  I promise you a fresh opportunity to persuade me.