PER CURIAM.
We affirm the trial court’s dismissal of this seaman’s personal injury suit on forum non conveniens grounds. In dismissing this case, the trial court properly applied the analysis required by Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), and rule 1.061(a) of the Florida Rules of Civil Procedure. The Kinney factors provide the proper analysis for maritime cases filed in state court. See Tananta v. Cruise Ships Catering & Svcs. Int’l, — So.2d - , 2004 WL 2955023, 30 Fla. L. Weekly D18 (Fla. 3d DCA Dec.22, 2004) (clarifying that where dismissal of a Jones Act action filed in state court is sought on the grounds of forum non conveniens, Kinney standards apply, rather than a federal choice of law venue analysis).
Further, the time limitation in rule 1.061(g) does not affect the trial court’s ability to raise the forum non conveniens issue sua sponte at any time. See Verysell-Holding LLC v. Tsukanov, 866 So.2d 114 (Fla. 3rd DCA), rev. denied, 874 So.2d 1194 (2004) (holding that the sixty-day time limit imposed by rule of civil procedure governing service of a party’s motion to dismiss based on forum non conveniens does not apply to a trial court’s inherent power to raise the issue of forum non conveniens sua sponte.).

Affirmed.

STEVENSON, TAYLOR and MAY, JJ., concur.