953 So.2d 28 (2007)
WYNN DRYWALL, INC., a/k/a Larry Wynn Drywall, Inc., Appellant,
v.
AEQUICAP PROGRAM ADMINISTRATORS, INC., f/k/a Professional Insurance Underwriters, Inc., Appellee.
No. 4D06-4171.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
*29 William H. Andrews and Colin A. Thakkar of Coffman, Coleman, Andrews & Grogan, P.A., Jacksonville, for appellant.
Michael A. Goldstein, Fort Lauderdale, for appellee.
SHAHOOD, J.
Wynn Drywall, Inc. ("Wynn Drywall") appeals the trial court's non-final order denying its motion to transfer venue for forum non conveniens under section 47.122, Florida Statutes (2006). We reverse and remand with instruction to the trial court to transfer venue to the Fourth Judicial Circuit in Duval County.
Aequicap Program Administrators, Inc. ("Aequicap") filed a complaint against Wynn Drywall in the Seventeenth Judicial Circuit in Broward County. The complaint sought recovery of money allegedly owed as a premium for workers' compensation insurance coverage for eighteen contractors to whom Wynn Drywall subcontracted work. Wynn Drywall's position was that each of the subcontractors had a valid exemption for the policy period. Wynn Drywall filed a motion to transfer venue to the Fourth Judicial Circuit in Duval County based on forum non conveniens. The motion was based on Wynn Drywall's assertion that all of the fact witnesses in the suit are located in Duval County or do business there, and that all of the records applicable to the suit are also located there.
Wynn Drywall submitted the affidavit of its president, Wanda Wynn, in support of the motion to transfer venue. Wanda Wynn stated that Wynn Drywall has its principal place of business in Duval County and has no offices in Broward County. The affidavit explained that Wynn Drywall entered into the insurance policy at issue through Cecil W. Powell & Co., an agent whose principal place of business is in Duval County. Wanda Wynn also stated that Aequicap subcontracted Ken Nosftz of National Risk Services in Jacksonville to audit Wynn Drywall's records to determine if all the insurance premiums were properly paid. The affidavit included a list of the names and addresses of the subcontractors used by Wynn Drywall during the policy of insurance at issue. It showed that eleven of these contractors are in Duval County, and the remaining seven are located nearby.
The trial court conducted a hearing on the matter and denied Wynn Drywall's motion to transfer venue.
*30 Section 47.122, Florida Statutes (2006), provides: "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
The standard of review of a trial court's denial of a motion for change of venue is abuse of discretion. Morrill v. Lytle, 893 So.2d 671, 673 (Fla. 1st DCA 2005). "A plaintiff's forum selection is presumptively correct. The burden is on the defendant to establish before the trial court that either substantial inconvenience or undue expense requires a change for the convenience of the parties or witnesses." Safety Nat'l Cas. Corp. v. Fla. Mun. Ins. Trust, 818 So.2d 612, 613 (Fla. 5th DCA 2002). "[W]hen a forum non conveniens challenge is raised, it is incumbent upon the parties to submit affidavits or other evidence that will shed necessary light on the issue of the convenience of the parties and witnesses and the interest of justice." Eggers v. Eggers, 776 So.2d 1096, 1098 (Fla. 5th DCA 2001). "The most important consideration of the three statutory factors in section 47.122 is the convenience of the witnesses." Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377, 1379 (Fla. 1st DCA 1997). The court must know who the witnesses are and the significance of their testimony in order to consider the convenience of the witnesses. Id. (citing Hu v. Crockett, 426 So.2d 1275, 1279 (Fla. 1st DCA 1983)).
Aequicap relies on Gale Porter, Temporary Help, Inc. v. Hartford Fire Insurance Co., 633 So.2d 64 (Fla. 4th DCA 1994). We distinguish Porter from this case. In Porter, the appellant was sued to recover workers' compensation insurance premiums. Id. at 64. The trial court denied appellant's motion to transfer venue from Broward County to Hillsborough County. Id. This court devoted just one sentence to rejecting appellant's forum non conveniens argument as without merit. Id. This court then proceeded to examine whether venue was proper under section 47.051 rather than forum non conveniens under section 47.122. Although Porter was a suit for payment of workers' compensation insurance premiums, it is not helpful in analyzing this case due to its brief treatment of the forum non conveniens argument.
We stated in Porter that "there is very little of substance in the record to support either parties' contentions." Id. at 65. In contrast, in this case Wynn Drywall presented an affidavit identifying the witnesses who would testify regarding the insurance policy at issue, specifically the insurance agent from whom it purchased the insurance, the auditor who conducted the audit in the case, and the subcontractors for whose coverage the premiums are allegedly due and owing. All of these witnesses are located in or near Duval County.
Aequicap presented no affidavit or other evidence in opposition to the motion. We decline to consider the exhibits attached to Aequicap's answer brief that are not found in the record and the factual assertions based on those exhibits. See Dorsett v. Dorsett, 902 So.2d 947, 950 n. 2 (Fla. 4th DCA 2005); Thornber v. City of Ft. Walton Beach, 534 So.2d 754, 755 (Fla. 1st DCA 1988). Although Aequicap argues that many of its witnesses are located in Broward County, there is no evidentiary support in the record specifying the identity of these witnesses and the substance of their proposed testimony that the trial court could have used to evaluate this assertion. We find that Wynn Drywall has demonstrated that Broward County is a forum non conveniens.
Accordingly, we reverse and remand with instructions to transfer the action to *31 the Fourth Judicial Circuit in Duval County.
Reversed and Remanded.
STEVENSON, C.J., and KLEIN, J., concur.