DAMOORGIAN, J.
Harold and Donna Benjamin (“Benja-mins”) appeal from an order granting CR Hancock Bridge, LLC’s (“Hancock”) motion to transfer venue from Broward County, Florida to Lee County, Florida. We affirm, writing to address only the issue of forum non conveniens.
After the Benjamins brought an action against Hancock in Broward County, Hancock moved to transfer venue to Lee County on the basis that it was inconvenient for their witnesses. Included with the motion *686 to transfer venue was an affidavit listing nine (9) witnesses Hancock would call to testify, the relevant information that they would testify to, and the assertion that all witnesses were located in and around Lee County. There is no dispute that Lee County would be a proper venue.
Venue may be transferred “[f]or the convenience of the parties or witnesses or in the interest of justice.” § 47.122, Fla. Stat. (2007). Of the three reasons for transferring venue, the convenience of the witnesses has been deemed the most important consideration. Wynn Drywall, Inc. v. Aequicap Program Adm’r’s, Inc., 953 So.2d 28, 30 (Fla. 4th DCA 2007). Hancock’s affidavit asserting witness inconvenience and the general, material information to which the witnesses would testify was sufficient to permit transfer of venue to Lee County. See Eggers v. Eggers, 776 So.2d 1096, 1098 n. 2 (Fla. 5th DCA 2001) (showing the “gist” of relevant knowledge of witnesses is sufficient to support a motion to transfer venue). Accordingly, the trial court did not abuse its discretion in transferring venue to Lee County for forum non conveniens.

Affirmed.

KLEIN, and TAYLOR, JJ., concur.