ROTHENBERG, J.
 

 Defendants Cooper Tire & Rubber Company (“Cooper Tire”) and Ford Motor Company (“Ford Motor”) appeal from a non-final order denying their motion to transfer venue from Miami-Dade County to Lee County. We reverse and remand
 
 *1158
 
 with instructions to transfer the cause to Lee County, Florida.
 

 The plaintiffs, Estate of Carlos Hernandez Chavez by and through its Personal Representatives Anatolio Hernandez Sal-dana and Jacinta Chavez Gonzalez, Gustavo Renteria, Manuel Renteria, and David Renteria, filed a negligence and products liability action against Cooper Tire, Ford Motor, and Martino Tire Company (“Mar-tino Tire”). The action arose from an automobile accident involving a 1996 Ford Explorer driven by Carlos Hernandez Chavez (“Chavez”) which rolled over in the area of Fort Myers, Lee County, Florida, when the vehicle’s rear tire, which was manufactured by Cooper Tire and sold by Martino Tire, allegedly suffered a tread-belt separation.
 
 [1]
 
 As a result of the accident, Chavez died, and his three passengers, Gustavo Renteria, Manuel Renteria, and David Renteria (collectively, “the Renterias”), were injured.
 

 At the time of the accident, Chavez and the Renterias resided in Lee County. Cooper Tire is a Delaware corporation, authorized to conduct business in Florida. Ford Motor is a Delaware corporation, with its principal place of business in Michigan, and it transacts business in Florida. Martino Tire, a Florida corporation, conducts business in Miami, and its principal place of business and registered agent are located in Miami.
 

 The plaintiffs’ answer to interrogatories identified the following witnesses, all of whom are residents of Lee County: eyewitnesses to the accident; healthcare providers for the Renterias; investigating officers; Lee County EMS personnel; medical examiner who performed the autopsy on Chavez; Lee County Trauma Services District personnel; Lee Memorial Hospital personnel; physicians from Lee Neurosurgery; and funeral home personnel.
 

 Cooper Tire, joined by Ford, moved to transfer venue to Lee County, pursuant to section 47.122, Florida Statutes (2008).
 
 [2]
 
 In support of the motion, Cooper Tire submitted the affidavits of two Florida Highway Patrol officers, a paramedic, and the medical examiner, averring that it would be inconvenient, expensive, and disruptive to their professional and personal lives to travel to Miami-Dade County for the proceedings.
 

 In response, the plaintiffs argued that venue is proper in Miami-Dade County because Martino Tire’s principal office is located in Miami; and the motion to transfer venue should be denied because Miami-Dade County is a convenient forum because Martino Tire’s principal office is located in Miami, and Cooper Tire’s counsel is from Miami.
 

 Following a hearing, the trial court denied the motion to transfer venue. This non-final appeal followed.
 

 The sole issue for our determination is whether, pursuant to section 47.122, the trial court abused its discretion in denying the motion to transfer venue.
 
 See Morrill v. Lytle,
 
 893 So.2d 671, 673 (Fla. 1st DCA 2005) (holding that an appellate court reviews the trial court’s order denying a motion to transfer venue for abuse of discretion). “[Wjhere venue is proper in more than one county, the choice of forum rests with the plaintiff.”
 
 P.V. Holding
 
 
 *1159
 

 Corp. v. Tenore,
 
 721 So.2d 430, 431 (Fla. 3d DCA 1998). However, section 47.122 authorizes any court of record to “transfer any civil action to any other court of record in which it might have been brought” for “the convenience of the parties or witnesses or in the interest of justice.” Of the three statutory factors — convenience of the parties, convenience of the witnesses, and interest of justice — the most important factor is the convenience of the witnesses.
 
 See Morrill,
 
 893 So.2d at 673.
 

 The only connections this action has to Miami-Dade County are that one of the three corporate defendants, Martino Tire, has its principal office in Miami, and Cooper Tire’s attorney, who seeks to transfer venue to Lee County, is located in Miami. On the other hand, there are numerous connections to Lee County: (1) the accident occurred in Lee County; (2) the individuals involved in the accident resided in Lee County at the time of accident; and (3) all of the witnesses identified in the plaintiffs’ answer to interrogatories, including the eyewitnesses to the accident and the first responders, reside in Lee County, and several of these witnesses submitted affidavits averring that it would be inconvenient, expensive, and disruptive to their professional and personal lives to travel to Miami-Dade County for the proceedings.
 

 Based on the facts of this case, we hold that the trial court abused its discretion by not transferring the action from Miami-Dade County to Lee County.
 
 See Morrill,
 
 893 So.2d at 673 (holding that trial court abused its discretion in denying motion to transfer venue from Duval County to Ala-chua County where accident occurred in Alachua County, witnesses were located in Alachua County, and only connection to Duval County was that corporate defendants maintained offices in Duval County and certain attorneys involved in case practiced in Duval County);
 
 P.V. Holding,
 
 721 So.2d at 431 (“Because the cause of action arose outside of Miami-Dade County, and most, if not all, of the important witnesses and contacts are located outside Miami-Dade County, we find the trial court erred in denying the motion to transfer venue.”);
 
 Sullivan v. Klein,
 
 691 So.2d 21, 22 (Fla. 3d DCA 1997) (holding that trial court abused its discretion by denying motion to transfer venue from Dade County to Pinellas County where accident occurred in Pinellas County and potential witnesses were located in Pinellas County, and only connection to Dade County was that plaintiffs attorney was located in Dade County);
 
 Inter-American Sunbelt Corp. v. Borozny,
 
 512 So.2d 287, 288 (Fla. 3d DCA 1987) (“We hold that it was an abuse of discretion for the trial court to refuse to change venue [from Dade County to Palm Beach County] where, as here, the accident giving rise to the injury occurred in Palm Beach County, all five people who were in the vehicle resided in Palm Beach County, all responding police and fire rescue personnel resided in Palm Beach County, and [plaintiff] received medical care in Palm Beach County.”);
 
 Kelly-Springfield Tire Co. v. Moore,
 
 355 So.2d 451, 452 (Fla. 3d DCA 1978) (holding that trial court abused its discretion in denying motion to transfer venue from Dade County to Highlands County where accident occurred in or near Highlands County, the alleged defective tire was sold in Highlands County, personal representatives of estate resided in Highlands County, material witnesses to the accident resided in Highlands County). Accordingly, we reverse and remand with instructions to transfer the action from Miami-Dade County to Lee County, Florida.
 

 Reversed and remanded with instructions.
 

 [1]
 

 . Although Martino Tire is a named defendant, it took no position on the motion to transfer venue to Lee County.
 

 [2]
 

 . Section 47.122 provides:
 

 Change of venue; convenience of parties or witnesses or in the interest of justice. — For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.