DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADVANCED DIAGNOSTIC GROUP,**
Appellant,

v.

**OCEAN HARBOR CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D21-458

[April 8, 2021]

Appeal of nonfinal order from the County Court for the Seventeenth Judicial Circuit, Broward County; Olga Gonzalez-Levine, Judge; L.T. Case Nos. CACE 20-016877 (AP) and COWE 20-020273.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellant.

Benjamin W. Silvanic of LDP Law & Associates, Coral Springs, for appellee.

### *ON CONFESSION OF ERROR*

PER CURIAM.

Advanced Diagnostic Group ("Medical Provider"), the plaintiff below, appeals the court's nonfinal order *sua sponte* transferring venue from Broward County to Palm Beach County for forum non conveniens. On appeal, Medical Provider primarily argues that the court's basis for transferring venue—preservation of judicial resources—did not constitute a valid reason for transfer. The defendant, Ocean Harbor Casualty Insurance Company ("Insurer"), has filed a confession of error. We accept the confession of error and reverse.

Medical Provider, acting as assignee of an insured, filed suit against Insurer in small claims court for unpaid Personal Injury Protection benefits in Broward County. The statement of claim alleged, in relevant part, that Insurer "maintained agents and an office in, and sells automobile insurance policies to the general public in its customary business in Broward County." After reviewing Medical Provider's statement of claim, the court entered an order to show cause why the case

should not be transferred out of Broward County for forum non conveniens. The order to show cause indicates that the court was concerned with the scarceness of judicial and jury resources in Broward County. In response, Medical Provider provided documentation to the court showing that venue was proper in Broward County because the Insurer's corporate office was located in Broward County.[1] Medical Provider also acknowledged that the insured received treatment in its Palm Beach County office and that the underlying automobile accident occurred in Palm Beach County. At no point in time did Insurer oppose Medical Provider's choice of venue. The court ultimately issued an order *sua sponte* transferring venue to Palm Beach County pursuant to section 47.122, Florida Statutes (2020). In so doing, the court concluded that the case had "no relevant connection to Broward County" and "that in the interests of justice, the Broward Judiciary, which is a scarce and precious resource, should not be burdened with determining a case that has no connection to Broward County." This appeal follows.

Section 47.122, Florida Statutes (2020), provides that the court can transfer venue "[f]or the convenience of the parties or witnesses or in the interest of justice." Because the plaintiff's choice of venue is presumed to be correct, transfer is warranted only when the court is presented with evidence "shed[ding] necessary light on the issue of the convenience of the parties and witnesses and the interest of justice." *Wynn Drywall, Inc. v. Aequicap Program Adm'rs, Inc.,* 953 So. 2d 28, 30 (Fla. 4th DCA 2007) (quoting *Eggers v. Eggers,* 776 So. 2d 1096, 1098 (Fla. 5th DCA 2001)).

In the present case, rather than focusing on the convenience of the parties and witnesses, the court appears to have based its decision to transfer venue solely on its desire to conserve judicial and jury resources. A court's desire to conserve judicial and jury resources (or to reduce its own docket for judicial convenience), standing alone, is not a proper ground to transfer venue under section 47.122, Florida Statutes (2020). *See R.J. Reynolds Tobacco Co. v. Mooney*, 147 So. 3d 42, 45 (Fla. 3d DCA

---

[1] Section 47.051, Florida Statutes (2020), governs venue in actions against corporations and provides:

> Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.

2014) (reiterating "that the court's concerns about preserving judicial resources does not, by itself, constitute a valid reason for disturbing the plaintiff's forum choice"); *Gov't Emps. Ins. Co. v. Burns*, 672 So. 2d 834, 836 (Fla. 3d DCA 1996) ("We recognize the trial court's concerns in attempting to control its docket and to preserve judicial resources. However, these concerns do not constitute a valid reason for transfer. A trial court should not be allowed to assume an adversarial role on the issue of convenience."); *Ashland Oil, Inc. v. Fla. Dep't of Transp.*, 352 So. 2d 567, 569 (Fla. 2d DCA 1977) ("No decision has come to our attention which approves the convenience of the courts as the sole basis for change of venue that is otherwise properly selected by the plaintiff. We are not inclined, nor do we believe the legislature intended, to extend statutory forum of convenience to such considerations.").

Thus, as Medical Provider's choice of venue in Broward County was proper under section 47.051, Florida Statutes (2020), and as there is no record evidence showing that venue in Broward County posed an inconvenience to the parties or witnesses, the court erred in *sua sponte* transferring the action for forum non conveniens. *See R.C. Storage One, Inc. v. Strand Realty, Inc.*, 714 So. 2d 634, 635 (Fla. 4th DCA 1998) ("A plaintiff has the 'option of venue selection, and as long as that selection is one of the statutory alternatives, it should not be disturbed.'" (quoting *Intercapital Funding Corp. v. Gisclair*, 683 So. 2d 530, 532 (Fla. 4th DCA 1996))). Accordingly, we reverse the order transferring venue and remand for further proceedings.

*Reversed and remanded.*

GROSS, MAY and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3