DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GLORIA S. GRAHAM,** as Trustee of the **WILLIAM J. GRAHAM TRUST DATED JUNE 16, 1968**, et al.,
Appellants,

v.

**RANDY E. VIRGIL, SR.,** as Personal Representative of the **ESTATE OF RANDY E. VIRGIL, JR.,** et al.,
Appellees.

No. 4D21-877

[September 1, 2021]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE 17-005292.

Jack R. Reiter and Sydney M. Feldman of GrayRobinson, P.A., Miami, for appellants.

Todd R. Falzone and Josiah D. Graham of Kelley Uustal, Fort Lauderdale, for appellees.

PER CURIAM.

We reverse the trial court's order denying Appellants' motion to transfer venue from Broward County to Palm Beach County based on forum non conveniens.[1]

Appellants presented overwhelming evidence in this negligent security case showing the incident at issue took place in Palm Beach County on property located in Palm Beach County. Moreover, all the parties and nearly all the witnesses are located in Palm Beach County, and all of the factors enumerated in section 47.122, Florida Statutes, weighed strongly in favor of transfer.

---

[1] The nonfinal order fixes the locus of the action in Broward County and "concern[s] venue," thus making it appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(A). *See Dep't of Agric. v. Middleton*, 24 So. 3d 624, 626–27 (Fla. 2d DCA 2009).

The trial court recognized that the motion to transfer had merit, but denied the motion "without prejudice" because it wanted the parties to attend non-binding arbitration. This was an abuse of discretion. *See Cooper Tire & Rubber Co. v. Est. of Chavez ex rel. Hernandez*, 8 So. 3d 1157, 1159 (Fla. 3d DCA 2009) (holding that the trial court abused its discretion in not transferring the action from Miami-Dade County to Lee County in a case where the accident occurred in Lee County, the individuals involved in the accident resided in Lee County at the time of the accident, and the eyewitnesses and first responders resided in Lee County).

Accordingly, we reverse and remand with directions for the trial court to grant the motion to transfer venue.

*Reversed and remanded.*

WARNER, DAMOORGIAN and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***