512 So.2d 287 (1987)
INTER-AMERICAN SUNBELT CORPORATION and King Motor Company of Pompano, Appellants,
v.
Steve BOROZNY and Kim Borozny, His Wife, Appellees.
No. 87-1005.
District Court of Appeal of Florida, Third District.
September 8, 1987.
*288 Rumberger, Kirk, Caldwell, Cabaniss & Burke and Larry M. Roth, J. Courtney Cunningham, and Sharon Lee Stedman, Orlando, for appellants.
Marlow, Shofi, Connell, DeMahy, Valerius, Abrams, Lowe & Adler and Joseph H. Lowe and Terre W. Handal, Miami, for appellees.
Before SCHWARTZ, C.J., and Daniel S. PEARSON and JORGENSON, JJ.

ON MOTION FOR CLARIFICATION GRANTED
The opinion filed August 4, 1987, is withdrawn, and the following opinion is substituted in its place:
JORGENSON, Judge.
The appellee Steve Borozny was injured in an accident when a Suzuki SJ 410 multipurpose "jeep-type" vehicle in which he was riding overturned. Borozny and his wife brought suit in Dade County against the distributor of the vehicle, Inter-American Sunbelt Corporation, which has an office in Broward County, and the retailer of the vehicle, King Motor Company of Pompano, which has an office in Dade County. The defendants moved that venue be changed from Dade County to Palm Beach County. The trial court denied the motion, the defendants appeal, and we reverse.
We hold that it was an abuse of discretion for the trial court to refuse to change venue where, as here, the accident giving rise to the injury occurred in Palm Beach County, all five people who were in the vehicle resided in Palm Beach County, all responding police and fire rescue personnel resided in Palm Beach County, and Borozny received medical care in Palm Beach County. Kelly-Springfield Tire Co. v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978); Hertz Corp. v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976); see § 47.122, Fla. Stat. (1985).
Although it is true that the plaintiff's venue privileges are a matter of discretion, it is not a matter of unbridled discretion. As our sister court in Hu v. Crockett, 426 So.2d 1275, 1278 (Fla. 1st DCA 1983), lamented, "[u]nfortunately, many courts and practitioners seem to continue to view the plaintiff's forum as `the' paramount consideration, which it is not." The only argument in support of venue in Dade County is the convenience of counsel and of certain as yet unnamed expert witnesses who presumably will address the products liability question. This is not a sufficient basis to justify retaining venue in Dade County.
Reversed.