619 So.2d 1023 (1993)
OGDEN ALLIED SERVICES and Alexsis, Inc. Appellants,
v.
Gustavo PANESSO, Appellee.
No. 92-651.
District Court of Appeal of Florida, First District.
June 4, 1993.
Henry Fierro and Jay M. Levy, Miami, for appellants.
Jerold Feuer, Miami, for appellee.

ORDER STRIKING NOTICES OF SUPPLEMENTAL AUTHORITY
PER CURIAM.
This workers' compensation appeal involves only one issue  whether the judge of compensation claims erred when, because of a perceived discovery violation, he refused to permit the employer and servicing agent to present surveillance evidence. Briefs dealing exhaustively with the issue had been filed by August of last year. Supplemental briefs were filed in December of last year and January of this year. In due course, the parties were notified of the date for oral argument.
On the afternoon preceding the day set for oral argument, appellee filed and served a notice of supplemental authority (his second). The notice had attached to it copies of twenty-two cases, totaling 125 pages. The cases are, at best, peripherally related to the issue presented on appeal. All of the cases had been decided before appellee's answer brief was filed. Appellee's notice of supplemental authority prompted appellants to respond with their own, on the morning of oral argument. When asked at oral argument why the "supplemental authorities" had not been *1024 cited in his briefs, counsel for appellee had no satisfactory explanation. Of late, this scenario has been occurring with disturbing frequency.
We believe such filings to be a misuse of Florida Rule of Appellate Procedure 9.210(g) and Florida Rule of Workers' Compensation Procedure 4.225. Those rules are intended to permit a litigant to bring to the court's attention cases of real significance to the issues raised which were not cited in the briefs, either because they were not decided until after the briefs had been filed; or because, through inadvertence, they were not discovered earlier. They are not intended to permit a litigant to submit what amounts to an additional brief, under the guise of "supplemental authorities"; or to ambush an opponent by deliberately withholding significant case citations until just before oral argument.
We simply do not have time, on the eve of oral argument, to read numerous cases and then to attempt to divine why it is that the party submitting them believes they are relevant to the issues raised. Moreover, permitting such a practice places the opposing party at a disadvantage. He or she must divert attention from preparation for the argument to read the submission and determine what type of response, if any, is appropriate. Not infrequently, the opposing party is forced at oral argument to request an opportunity to respond in writing to such a submission. Although fairness mandates that such a request be granted, the results include increased cost to the litigants, a waste of oral argument time and delay in resolving the appeal.
Accordingly, on our own motion, we strike both the latest notice of supplemental authority filed by appellee and appellants' notice filed in response. We publish this order to place the bar on notice that, in the future, we shall treat similar abuses of rule 9.210(g) or rule 4.225 in the same way.
ERVIN, ZEHMER and WEBSTER, JJ., concur.