672 So.2d 656 (1996)
AVIS RENT A CAR SYSTEM, INC., Appellant,
v.
Kenneth J. BROUGHTON and Lester Gilkey as Co-Personal Representative of the Estate of Jerry Gilkey, deceased, Appellees.
No. 95-2105.
District Court of Appeal of Florida, Fourth District.
May 1, 1996.
Philip Glatzer of Law Offices of David R. Howland, Coral Gables, for Appellant.
Tod Aronovitz and Barbara Perez of Aronovitz & Associates, P.A., Miami, and Gary H. Reiner of Reiner & Bouffard, Kittery, Maine, for Appellees.
WARNER, Judge.
Appellees brought a wrongful death action in Broward County involving an accident which occurred in Brevard County. The appellant unsuccessfully moved the trial court to change venue from Broward County to Brevard County on forum non conveniens grounds. We reverse.
The decedent and his family were all residents of Maine. The individual defendants were residents of Pennsylvania. One eyewitness was from Georgia, and the remainder of the persons likely to testify regarding the incident were members of the Brevard Sheriff's Office who investigated the accident as well as medical personnel located in Brevard County. The only connection to Broward County is the fact that the corporate defendant has a registered agent in that county.
We reverse the trial court's denial of the motion to change venue pursuant to section 47.122, Florida Statutes (1995), under the authority of Braun v. Stafford, 529 So.2d 735 (Fla. 4th DCA 1988); Hughes Supply, Inc. v. Pearl, 403 So.2d 614 (Fla. 4th DCA 1981); Hertz Corp. v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976); Peterson, Howell & Heather v. O'Neill, 314 So.2d 808 (Fla. 3d DCA 1975), all of which hold that the trial court abuses its discretion in denying a motion for change of venue when the only connection to the county in which the action is filed is the fact that the nonresident corporation has an agent there.
*657 Appellees contend that because most of the witnesses and the plaintiffs are from out of state, it will be more convenient for most of the witnesses and plaintiffs to travel to Fort Lauderdale rather than to Brevard County. This convenience argument was rejected in Peterson, which stated:
While we must concur that transportation facilities are generally better in metropolitan areas, we cannot recognize it as a rule of practice that it is always more convenient for parties to have their lawsuit tried in such areas. If this were so, it might follow that every lawsuit involving some out-of-state parties would be better tried in a metropolitan area. We think that it was the purpose of the venue statutes, that the lawsuit should be tried in the area where the cause of action arose whenever consonant with the residence and convenience of the parties.
Id. at 810 (citations omitted).
For these reasons, we reverse and remand with directions that the court transfer this case to Brevard County.
DELL and FARMER, JJ., concur.