673 So.2d 958 (1996)
WESTCHESTER FIRE INSURANCE CO., Appellant,
v.
FIREMAN'S FUND INSURANCE CO., Appellee.
No. 96-43.
District Court of Appeal of Florida, Third District.
May 22, 1996.
Stephens, Lynn, Klein & McNicholas, and Robert M. Klein, Miami, for appellant.
Shofi, Smith, Hennen & Gramovot, and Larry I. Gramovot, and Kenneth S. Takacs, Jr., Tampa, for appellee.
Before JORGENSON, COPE, and GERSTEN, JJ.
PER CURIAM.
This case falls on the heels of our recent decision on rehearing in Government Employees Ins. Co. v. Burns, 672 So.2d 834 (Fla. 3d DCA 1996). On rehearing, we embraced the recent Supreme Court case of Kinney *959 Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996). For summary purposes, this Court now adopts both the literal and philosophical ethos of the Supreme Court wherein Florida should not be the forum for cases that, in reality, have no connection with Florida.
In this context, we extend the philosophical train of thought to its next and logical plane: Our district should not be a forum for cases that have little or no connection to Dade and Monroe counties. Therefore, it is the stated policy of our Court to literally apply the doctrine of forum non-conveniens where there is little else other than the plaintiff's choice of venue and where witnesses reside in other more suitable venues.
It is "in the interest of justice," § 47.122, Fla.Stat. (1995), that a Dade County jury, which is both a scarce and precious resource, should not be burdened with determining a case that has no connection with Dade County. Accordingly, in the spirit of Kinney, we find that the trial judge was correct in transferring this case to Hillsborough County.
Affirmed.