681 So.2d 1195 (1996)
E.I. DuPONT DE NEMOURS & COMPANY, a Delaware corporation; Terra Industries, Inc., a Maryland corporation; Platte Chemical Company, a Florida corporation; and Foremost Fertilizer Company, a Florida corporation, Appellants,
v.
Frank C. FUZZELL and Lois Elizabeth Fuzzell, Individually, and as the next friends and parents of Alicia Leigh Fuzzell, a minor, and Fuzzell Wholesale Nursery, Inc., Appellees.
Nos. 96-00811, 96-00760.
District Court of Appeal of Florida, Second District.
October 25, 1996.
*1196 Arthur J. England, Jr., and Alison M. Igoe of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, John A. Boudet and Dawn I. Giebler of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Orlando, for Appellant E.I. DuPont De Nemours & Company.
Brian S. Duffy and Laurie T. Dodson of McConnaughhay, Roland, Maida & Cherr, P.A., Tallahassee, for Appellant Terra Industries, Inc.
No appearance for Appellants Platte Chemical Company and Foremost Fertilizer Company.
Clinton A. Curtis of Curtis, Alexander & Varner, Winter Haven, Kenneth L. Connor and Camille Godwin of Connor & Gwartney, Tallahassee, for Appellees.
PARKER, Acting Chief Judge.
Appellees, Frank C. Fuzzell, Lois Elizabeth Fuzzell, Alicia Leigh Fuzzell, and Fuzzell Wholesale Nursery, Inc., filed a complaint in Polk County alleging personal injuries and damage, and property damage *1197 to their nursery resulting from the use of the chemical Benlate. Appellants, E.I. DuPont De Nemours & Company and Terra Industries, Inc., defendants below, filed a motion for a change of venue to Lake County on the basis of forum non conveniens, which the trial court denied. We reverse because the trial court abused its discretion by denying the motion to transfer venue from Polk County to Lake County.
Both parties argue the application of the recent supreme court decision in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). In Kinney, the supreme court adopted the federal doctrine of forum non conveniens. Kinney, 674 So.2d at 93. The four-part analysis is codified in emergency Rule of Civil Procedure 1.061. Id. at 93. Under the four-step analysis described in Kinney, an action may be dismissed on the grounds that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida where:
(1) The trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case;
(2) The trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiff's initial forum choice;
(3) If the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) The trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
Kinney, 674 So.2d at 94.
The Third District, in Westchester Fire Insurance Co. v. Fireman's Fund Ins. Co., 673 So.2d 958 (Fla. 3d DCA 1996), applied the doctrine of forum non conveniens within Florida to uphold a trial court's decision to transfer a case from Dade County to Hillsborough County because the case had no connection to Dade County. The Third District stated that it "adopts both the literal and philosophical ethos" of Kinney. The court further stated that "`in the interest of justice', § 47.122, Fla.Stat. (1995), that a Dade County jury ... should not be burdened with determining a case that has no connection with Dade County." Westchester Fire Ins. Co., 673 So.2d at 959.
While we agree with the result reached in Westchester Fire Insurance Co., we do not agree that trial courts should use the Kinney analysis to determine if, under the statute, a change of venue is warranted within Florida. In Kinney, the court specifically noted that "[t]he legislature has not attempted to codify any version of the common law doctrine of forum non conveniens, but has approved only a far more limited set of venue statutes generally governing transfers of actions among different courts within Florida." Kinney, 674 So.2d at 88, n. 3. We conclude that nothing in Kinney suggests that the supreme court intended that the trial court use this analysis in determining whether a motion for change of venue within Florida is appropriate.
Section 47.122, Florida Statutes (1995), provides:
For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
While choice of venue is an important consideration, the trial court must balance this choice against the convenience of all the parties and the witnesses. By sworn affidavit, the appellants established that the majority of the witnesses resided in Lake County, along with the appellees. None of the witnesses live in Polk County. Furthermore, all of the allegations concerning exposure, damage, and treatment occurred in Lake County. Clearly, Lake County would be more convenient for the witnesses and the parties.
Additionally, the court must determine whether "in the interest of justice" it would be too much of a burden on the Polk County court to hear a case that has no nexus to the community. See Hu v. Crockett, 426 So.2d 1275, 1280 (Fla. 1st DCA 1983). There is nothing in this case to connect this *1198 cause of action to Polk County other than the fact that the appellees' lawyer has an office in Polk County.
Accordingly, we reverse and remand with directions to the trial court to grant the appellants' motion for change of venue.
LAZZARA and QUINCE, JJ., concur.