690 So.2d 1377 (1997)
BROWN & WILLIAMSON TOBACCO CORPORATION, etc., et al., Appellants,
v.
David YOUNG, Appellee.
No. 96-3566.
District Court of Appeal of Florida, First District.
April 4, 1997.
*1378 James F. Moseley, Robert B. Parrish and Andrew J. Knight, II of Moseley, Warren, Prichard & Parrish, Jacksonville, for Appellant Brown & Williamson Tobacco Corporation.
Michael L. Coulson of Saalfield, Catlin & Coulson, Jacksonville, for Appellant Winn-Dixie Stores, Inc.
Charles C. Howell, III of Howell, O'Neal & Johnson, Jacksonville, for Appellant Liggett Group, Inc.
Norwood S. Wilner, Gregory H. Maxwell, Stephanie J. Hartley and Kenneth C. Steel, III of Spohrer, Wilner, Maxwell, Maciejewski & Stanford, P.A., Jacksonville, for Appellee.
VAN NORTWICK, Judge.
In this interlocutory appeal in a products liability action, Brown & Williamson Tobacco Corporation, Liggett Group, Inc., and Winn-Dixie Stores, Inc., appeal an order denying their motion for change of venue from Duval County to Putnam County pursuant to section 47.122, Florida Statutes (1995).[1] Because appellants have failed to meet their burden of showing that the trial court abused its discretion in refusing to transfer venue from Duval County, we affirm.

Factual and Procedural Background
David Young, appellee, is currently a resident of Putnam County, moving there in 1993. He brought this action against appellants in 1995, alleging that he developed chronic obstructive pulmonary disease and other diseases from smoking tobacco products manufactured by Brown & Williamson and Liggett, foreign corporations doing business in Florida, and sold at retail by Winn-Dixie, a Florida corporation with its corporate headquarters in Duval County. He seeks damages on the theories of negligence, strict liability, and civil conspiracy.
Young selected venue in Duval County pursuant to section 47.051, Florida Statutes (1995).[2] The parties agree, however, that venue would be proper under section 47.051 in either Duval County or Putnam County, presumably because Winn-Dixie owns and operates grocery stores in both those counties. Thus, as this suit could have been brought in Putnam County, section 47.122 would permit a change of venue to Putnam County for the convenience of the parties or witnesses or in the interest of justice.
After Young answered his first set of interrogatories, the appellants moved for a transfer of venue pursuant to section 47.122. They allege that the cause of action did not accrue in Duval County and that none of Young's family members or treating physicians reside in Duval County. Appellants contend that it would be more convenient for Young's witnesses to testify in Putnam County rather than Duval County. Finally, they argue that the Duval County citizens should not be burdened with the trial of this case which has little or no nexus to Duval County.
In his answer to interrogatories, Young had identified two treating physicians, one located in Putnam County and the other located in Alachua County. Although Young was asked to identify his living relatives, who are few in number, he was not asked, and therefore did not answer, whether any of these relatives had knowledge of his disease, its alleged cause, or any other circumstances pertinent to a resolution of this lawsuit. Young was not asked, and therefore did not answer, whether there were any friends or neighbors or others who might possess information pertinent to a resolution of this lawsuit.
Young asserts that he and his wife are willing to travel to Duval County to litigate *1379 this suit. Further, he argues that it cannot be said that the cause of action accrued in Putnam County since chronic obstructive pulmonary disease is a latent disease making it difficult to pinpoint when and where it began and that he has resided in, and purchased and used tobacco products in, many places, including Duval County. Young represents that he intends to call Winn-Dixie corporate personnel located in Duval County as witnesses in this suit. Although the parties have not identified all witnesses at this early stage of the litigation, Young also asserts, without contradiction, that many of the witnesses in this case will be expert witnesses who will be coming from various parts of the United States and Canada. In that event, he argues that Duval County, with a major airport, would be more convenient for these witnesses.
Based upon this evidence and argument, the trial court denied the motion for change of venue.

Change of Venue Analysis under Section 47.122
In our review of the trial court's denial of a venue change under section 47.122, Florida Statutes, we are controlled by our decision in Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983). In Hu, we set forth the appropriate analysis for determining under what circumstances a change of venue should be ordered under section 47.122 based upon the convenience of parties or witnesses or in the interest of justice.[3] As our starting point in reviewing the trial court's order, we note that the order comes to us clothed with a presumption of correctness and will not be overturned unless an abuse of discretion can be shown. Id. at 1281. Further, as this court pointed out in Hu, even though the plaintiff's choice of forum is not controlling under section 47.122, "a plaintiff's forum selection is a `meaningful consideration' in determining the convenience of the parties ... and the burden is clearly upon the party challenging the plaintiff's venue selection to demonstrate the impropriety of that selection." Id. at 1278-79 (citations omitted).
The most important consideration of the three statutory factors in section 47.122 is the convenience of the witnesses. Id. at 1279. However, "[i]n order for a court to consider the convenience of the witnesses, the court must know who the witnesses are and the significance of their testimony." Id. As the Hu court observed, it is critical for this information to be provided to enable the trial court to properly weigh the convenience of all of the key witnesses under section 47.122.
The court would need this information to ascertain whether a particular witness' testimony is material. Second, the court might desire to have this information in an effort to locate the trial in a forum most convenient to the greatest number of key witnesses, since the quality of testimony by a key witness may well outweigh the quantity of testimony by a number of witnesses testifying to relatively unimportant matters.
Id. (citations omitted).
Although appellants have suggested in this appeal that Young's coworkers and friends in Putnam County will be witnesses, appellants have neither identified these potential witnesses nor set forth the expected substance or significance of their testimony. Further, the appellants have not identified other witnesses, especially the expert witnesses who the parties concede will be critical witnesses in this case. Thus, because the identity and nature of the testimony of the *1380 key witnesses had not been made known to the trial court, it lacked the information by which it might have had a basis to balance the inconveniences.
In addition, concerning the "interest of justice" factor in section 47.122, there is a dearth of evidence to suggest that Putnam County would be the better choice of venue in the interest of justice. The record contains no evidence concerning the condition of the circuit court docket in Putnam County. On the other hand, the record reflects that many tobacco products liability cases are presently pending in the Duval County Circuit Court and that the Duval County Circuit Court has a case management order in place dealing with this tobacco litigation. Thus, the possibilities of efficient consolidation or coordination of these similar cases suggest that in the interest of justice Duval County might be the appropriate forum. See Hu, 426 So.2d at 1281.
Appellant's reliance upon Inter-American Sunbelt Corp. v. Borozny, 512 So.2d 287 (Fla. 3d DCA 1987) and Avis Rent A Car System, Inc. v. Broughton, 672 So.2d 656 (Fla. 4th DCA 1996), is misplaced. Both Borozny and Broughton are distinguishable. Both cases involved automobile accidents which occurred in Florida counties other than in the forum county and in both cases many witnesses were located in the county in which the accidents occurred. Thus, under the facts in Borozny and Broughton, it was error not to transfer venue under section 47.122. Unlike the situation in Borozny and Broughton, in the instant case appellants have made no showing that the cause of action accrued in Putnam County or that a substantial portion of the key witnesses reside there.

Striking Notice of Supplemental Authority
In the afternoon prior to the oral argument in this matter, appellee filed a notice of supplemental authority. The notice had attached to it copies of opinions in five cases, the most recent of which was decided in 1989.
Sua sponte we struck this notice of supplemental authority based upon Ogden Allied Services v. Panesso, 619 So.2d 1023 (Fla. 1st DCA 1993). As this court explained in Panesso:
We believe such filings to be a misuse of Florida Rule of Appellate Procedure 9.210(g).[[4]] ... [That] rule [is] intended to permit a litigant to bring to the court's attention cases of real significance to the issues raised which were not cited in the briefs, either because they were not decided until after the briefs had been filed; or because, through inadvertence, they were not discovered earlier. [It is] not intended to permit a litigant to submit what amounts to an additional brief, under the guise of "supplemental authorities"; or to ambush an opponent by deliberately withholding significant case citations until just before oral argument.
We simply do not have time, on the eve of oral argument, to read numerous cases and then to attempt to divine why it is that the party submitting them believes they are relevant to the issues raised. Moreover, permitting such a practice places the opposing party at a disadvantage. He or she must divert attention from preparation for the argument to read the submission and determine what type of response, if any, is appropriate. Not infrequently, the opposing party is forced at oral argument to request an opportunity to respond in writing to such a submission. Although fairness mandates that such a request be granted, the results include increased cost to the litigants, a waste of oral argument time and delay in resolving the appeal.
Id. at 1024.
We have noted that the filing of last-minute notices of supplemental authority is occurring in this court with increasing frequency. We publish our ruling in this matter to reiterate our advice in Panesso. We will continue to treat similar abuses of rule 9.225 in the same manner.
AFFIRMED.
JOANOS and WOLF, JJ., concur.
NOTES
[1] Section 47.122 provides:

For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
[2] Section 47.051 provides:

Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
[3] The parties and the trial court relied upon Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996), a decision addressing the common law doctrine of forum non conveniens and adopting a four-part analysis for deciding when venue would be more conveniently sought in a jurisdiction other than Florida. While one of our sister district courts of appeal has relied upon Kinney in the analysis of a venue question under section 47.122, Westchester Fire Ins. Co. v. Fireman's Fund Ins. Co., 673 So.2d 958 (Fla. 3d DCA 1996), we conclude that the analysis in Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983), rather than Kinney, should be used under the statute. We thus align ourselves with the Second District Court of Appeal which has held that a Kinney analysis is not appropriate for determining a motion for change of venue within Florida under section 47.122. See E.I. DuPont De Nemours & Co. v. Fuzzell, 681 So.2d 1195 (Fla. 2d DCA 1996).
[4] Effective January 1, 1997, this rule has been renumbered as 9.225. Amendments to Florida Rules of Appellate Procedure, 685 So.2d 773, 822 (Fla.1996).