WARNER, Judge.,
dissenting.
Based on the convenience of the parties and witnesses, pursuant to § 47.122, Florida Statutes (1997), I would reverse the order denying a change of venue. From a reading of this complaint for breach of a contract to pay a brokerage commission, it is clear that all of the transactions which form a part of this claim arose either in Alachua, Sumter or Orange County. This conclusion is confirmed by the affidavits attached to the appellant’s motion for change of venue, to which appellee made no response.
There is no connection to Palm Beach County, other than the fact that the appellant moved its offices here shortly before the sale from which it is claiming a commission. Thus, this is not a case where some witnesses live in one place and some in another so that the quality of their testimony would be important in evaluating which group of witnesses should be inconvenienced by a transfer of venue. See, e.g., Brown and Williamson Tobacco Corp. v. Young, 690 So.2d 1377, 1379-80 (Fla. 1st DCA 1997); Foster Marine Contractors, Inc. v. Southern Bell Tel. & Tel. Co., 641 So.2d 114, 114 (Fla. 4th DCA 1989). Instead, the only witness located in Palm Beach County is appellee. In fact, the affidavit listing the witnesses refers to some persons mentioned in the complaint itself and its attachments. Thus, the complaint shows how integrally related these witnesses’ testimonies are to the cause of action.
There is no evidence to suggest that any other factor relevant in a change of venue *637 analysis justifies keeping this action in Palm Beach County. See § 47.122. Although a trial court has broad discretion to determine a venue issue, see Hu v. Crockett, 426 So.2d 1275, 1281 (Fla. 1st DCA 1983), where there is no record evidence to support the court’s determination, and the appellee’s own complaint shows that Palm Beach County has no real connection to the cause of action, I cannot help but find that the court’s denial of the motion should be reversed.