KLEIN, J.
Defendants in a product liability case appeal an order denying their motion to transfer venue from Broward County to Gilchrist County, where the accident occurred. Although the parties both contend that defendants’ motion should be analyzed under the procedure adopted by our supreme court in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), Kinney does not apply to this motion, which seeks to transfer, based on forum non conveniens, from one county in Florida to another. We affirm.
Kinney, as the parties recognize, involved the issue of whether a case was properly dismissed by the trial court, because it could more conveniently be litigated in another state. That case reached the supreme court after this court certified a question of great public importance. In a footnote, we pointed out that the case involved a transfer to a foreign jurisdiction, and did not involve section 47.122, Florida Statutes (1994), which addresses intrastate changes of venue based on the convenience of parties or witnesses. Cont’l Ins. Co. v. Kinney Sys., Inc., 641 So.2d 195, 196 n. 1 (Fla. 4th DCA 1994).
Our supreme court granted review in Kinney and, based on concerns that Florida was becoming a haven for lawsuits which should be litigated elsewhere, adopted rule 1.061, entitled “forum non conveniens,” which sets forth the factors trial courts should consider for dismissal “on grounds a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida.” Fla. R. Civ. P. 1.061(a).
The only authority cited to support using the Kinney analysis here is Westchester Fire Insurance Co. v. Fireman’s Fund Insurance Co., 673 So.2d 958, 959 (Fla. 3d DCA 1996), in which the court, “in the spirit of Kinney,” affirmed the transfer of a case from Dade County to Hillsborough County.
In E.I. DuPont De Nemours & Co. v. Fuzzell, 681 So.2d 1195, 1197 (Fla. 2d DCA 1996), the second district refused to apply Kinney to a review of the denial of a motion to transfer venue from Polk County to Lake County, explaining:
While we agree with the result reached in Westchester Fire Insurance Co., we do not agree that trial courts should use the Kinney analysis to determine if, under the statute, a change of venue is warranted within Florida. In Kinney, the court specifically noted that “[t]he legislature has not attempted to codify any version of the common law doctrine of forum non conveniens, but has ap *497 proved only a far more limited set of venue statutes generally governing transfers of actions among different courts within Florida.” Kinney, 674 So.2d at 88, n. 3. We conclude that nothing in Kinney suggests that the supreme court intended that the trial court use this analysis in determining whether a motion for change of venue within Florida is appropriate.
The second district went on to apply section 47.122, Florida Statutes (1995):
For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
In Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377 (Fla. 1st DCA. 1997), the first district also rejected the use of a Kinney analysis for intrastate transfers based on forum non conveniens.
Kinney, as we explained earlier, did not involve intrastate transfers, which are governed by section 47.122. Moreover, the rule of procedure adopted by our supreme court in Kinney, rule 1.061, uses “jurisdiction other than Florida” more than once. We accordingly agree with the first and second districts that Kinney and rule 1.061 do not apply to intrastate transfers.[1]
The complaint alleged strict tort liability and negligence against Suzuki based on defective design and manufacture. Also named as a defendant was BMS Partners, which sold and maintained the ATV in Broward County. The facts underlying the motion to transfer include that the accident occurred when the Suzuki ATV flipped over on property in Gilchrist County. In addition, defendants emphasize that plaintiff, a quadriplegic, received medical treatment at the scene and at a hospital in Alachua County, which is adjacent to Gilchrist. Plaintiff responded that the plaintiff and the six eyewitnesses to the accident all reside in Broward County, that all doctors who would testify reside in Miami, and that plaintiff is currently a patient in Miami.
We conclude, based on these facts, that the trial court did not abuse its discretion in denying the motion to change venue under section 47.122. Brown, 690 So.2d 1377.

Affirmed.

SHAHOOD, J., and REYES, ISRAEL U., Associate Judge, concur.

. We are not certifying direct conflict with Westchester, because the Westchester panel did correctly cite section 47.122, Florida Statutes, which applies to intrastate transfers, and did not, at least on the face of the opinion, go through the Kinney!Rule 1.061 analysis. We interpret Westchester as merely expressing, as dicta, the thought that the transfer of the case from Dade County to Hillsborough County was "in the spirit of Kinney.” Westchester, 673 So.2d at 959.