DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

DAVI NAILS SALON AND SPA, L.L.C.,

Appellant,

v.

HAI DO and HANG DOAN,

Appellees.

No. 2D21-1784

————————————————

September 30, 2022

Appeal from the Circuit Court for Pinellas County; Amy M. Williams, Judge.

Eric W. Neilsen of Neilsen Law Group, P.A., St. Petersburg, for Appellant.

Jonathan J. Luca of Jonathan J. Luca, P.A., St. Augustine; Mai N. Vu of Vu Legal, P.A., Pinellas Park; and Stephen G. Mortimer of Rahdert & Mortimer, St. Petersburg, for Appellees.

LaROSE, Judge.

    In this commercial lease dispute, Davi Nails Salon and Spa,

LLC, appeals the trial court's final judgment entered in favor of the

tenants, Hai Do and Hang Doan.  We have jurisdiction.  *See* Fla. R.

App. P. 9.030(b)(1)(A).  The trial court committed no reversible errors.  Therefore, we affirm the judgment without further comment.  We write to address an issue seen with increasing frequency, the misuse of supplemental authority.

On August 3, 2022, just two days before oral argument, appellees filed a notice of supplemental authority under Florida Rule of Appellate Procedure 9.225.  The notice listed seven items. The next day, August 4, the eve of oral argument, appellees filed a second notice of supplemental authority.  That notice listed three items.

The judges of this panel dutifully reviewed the cited materials. We undertook a last-minute task "to attempt to divine why it is that the party submitting [the notices] believe[d] they [we]re relevant to the issues raised." *Ogden Allied Servs. v. Panesso*, 619 So. 2d 1023, 1024 (Fla. 1st DCA 1993).  These notices were untimely. Moreover, they cited long-existing statutes, rules, and decades-old cases of no particular relevance.  Finally, the notices failed to provide any meaningful insights not already addressed in the briefs.

This inappropriate use of notices of supplemental authority has plagued the district courts for decades.  *See, e.g., id.*  And, with

unsettling frequency, this court receives notices of supplemental authority that do little, if anything, to advance a party's cause. Seemingly, a party comes across a case near the time of oral argument that could have easily been found and included in the original briefing. The party feels compelled to apprise us of their latest find. This is not the purpose of notices of supplemental authority.

The Florida Rules of Appellate Procedure dictate a more judicious use. Fla. R. App. P. 9.225. A notice of supplemental authority is appropriate only when "decisions, rules, statutes, or other authorities that are *significant* to the issues raised . . . have been discovered after service of the party's last brief in the cause." *Id.* (emphasis added). Importantly, district courts are not well-served when advised of years-old legal authority that could have been included in the party's briefing. *See Cleveland v. State*, 887 So. 2d 362, 364 (Fla. 5th DCA 2004); *Brown & Williamson Tobacco Corp. v. Young*, 690 So. 2d 1377, 1380 (Fla. 1st DCA 1997).

In an effort to advise parties how they can best help us discharge our review duties, this court's practice guidelines state that "[t]he need to file a notice of supplemental authority should be

3

rare." *Practice Preferences*, https://www.2dca.org/content /download/214545/file/Practice%20Preferences.pdf (last visited Aug. 8, 2022). We admonish parties that a notice of supplemental authority is "reserved for extraordinary circumstances or situations where a new case or legal authority has just been published that might impact a fully briefed (but not yet decided) appeal." *Id.*; *see, e.g.*, *Dean Wish, LLC v. Lee County*, 326 So. 3d 840, 842, 850, 854 (Fla. 2d DCA 2021) (granting motion for clarification, withdrawing prior opinion, and substituting revised opinion in light of appellant's notice of supplemental authority concerning the legislature's amendment to the statutory language following issuance of the prior opinion).

Notices of supplemental authority that include citations to cases and authorities that were published, decided, and available before briefing are unwelcome. *Practice Preferences*; *Cleveland*, 887 So. 2d at 364 ("The State did not comply with rule 9.225 because its notice of supplemental authority contained new argument not previously addressed in its answer brief and this new argument relied on a supreme court case that had been decided four years prior to the State's filing of its answer brief. It appears to us that

4

the State through its 'supplemental authorities' is attempting to file an additional brief.").

Rule 9.225 may not be as cabined as this court's published *Practice Preferences.* If that assessment is correct, we urge The Florida Bar's Appellate Rules Committee to consider a more explicit limitation on the use of notices of supplemental authority.

Affirmed.

STARGEL and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.