# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1093
Lower Tribunal No. 21-39718 SP
_____

## MGA Insurance Company, Inc.,
Appellant,

vs.

## New Vista Diagnostic Imaging Services, LLC, a/a/o Hector Yaque,
Appellee.


An Appeal from a non-final order from the County Court for Miami-Dade County, Ayana Harris, Judge.

Dutton Law Group, P.A., and Rebecca Delaney, Scott W. Dutton and Christopher S. Dutton (Tampa), for appellant.

Douglas H. Stein, P.A., and Douglas H. Stein, for appellee.


Before EMAS, HENDON and GORDO, JJ.

PER CURIAM.

Affirmed. See Port Royal Prop., LLC v. Woodson Elec. Sols., Inc., 305 So. 3d 50, 52 (Fla. 3d DCA 2019) ("[A] trial court's ruling on a motion to transfer venue under section 47.122 is reviewed for an abuse of discretion."); Taylor v. Dasilva, 401 So. 2d 1161, 1162 (Fla. 3d DCA 1981) ("When venue is proper in more than one county, the choice rests with the plaintiff and should not be disturbed without a showing of substantial inconvenience or the likelihood of injustice.") (internal citation omitted); Gov't Employees Ins. Co. v. Burns, 672 So. 2d 834, 835 (Fla. 3d DCA 1996) ("[I]n order to successfully challenge that selection, the burden is upon the defendant to show either substantial inconvenience or that undue expense requires a change for the convenience of the parties or witnesses."); R.J. Reynolds Tobacco Co. v. Mooney, 147 So. 3d 42, 45 (Fla. 3d DCA 2014) ("[I]n order for a court to consider the convenience of the witnesses, the court must know who the witnesses are and the significance of their testimony." (quoting Brown & Williamson Tobacco Corp. v. Young, 690 So. 2d 1377, 1379 (Fla. 1st DCA 1997))); R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So. 2d 634, 635 (Fla. 4th DCA 1998) (noting affidavits in support of appellant's motion to transfer venue were insufficient as they were "little more than a laundry list of witness, their places of residence and the conclusory

2

statement that it would be inconvenient for them to travel to [another county]").