IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KATRINA HOUSTON,

       Appellant,

v.

Case No.  5D23-0035
LT Case No. 2019-CA-8623

KEVIN D. WRENTMORE AND
CARMEN G. WRENTMORE,
AND VAN VANOSTRAND,

       Appellees.
_____/

Opinion filed April 6, 2023

Appeal from the Circuit Court
for Duval County,
Eric C. Roberson, Judge.

C. Popham Decunto and Kevin A. Schoeppel, of Durant, Schoeppel & Decunto, P.A., Jacksonville, for Appellant.

Bruce B. Humphrey and Lauren E. Howell, of Birchfield & Humphrey, Ponte Vedra, and Rebecca Bowen Creed and Aaron Sprague, of Creed & Gowdy, P.A., Jacksonville, for Appellees, Kevin D. Wrentmore and Carmen G. Wrentmore.

No Appearance for Appellee, Van Vanostrand.

PER CURIAM.

Appellant, Katrina Houston, appeals the trial court's final order of partition. The court determined that the real property at issue was not divisible in kind and ordered its sale. Because Appellant has failed to demonstrate reversible error, we affirm the final order without further discussion.

We write, however, to address the unfavored, and not uncommon, practice in our Court where a party, just days before oral argument, files a notice of supplemental authority under Florida Rule of Appellate Procedure 9.225, citing to the Court for consideration case law that had been decided prior to briefing. Here, Appellees Kevin and Carmen Wrentmore's notice was filed five days before oral argument, necessitating our taking action to review the three additional cases cited that had clearly been decided well before briefing in this case. Appellant promptly moved to strike Appellees' notice of supplemental authority, to which we reserved ruling until now.

To be clear, rule 9.225 allows a party to file a notice of supplemental authority before a decision has been rendered by the appellate court. The rule explains that the purpose of such notice is "to call attention to decisions,

2

rules, statutes, or other authorities that are significant to the issues raised and that have been discovered after service of the party's last brief in the cause."

This rule, however, is "not intended to permit a litigant to submit what amounts to an additional brief, under the guise of 'supplemental authorities'; or to ambush an opponent by deliberately withholding significant case citations until just before oral argument." *Ogden Allied Servs. v. Panesso*, 619 So. 2d 1023, 1024 (Fla. 1st DCA 1993). One of our other sister courts more recently admonished that rule 9.225 is to be "reserved for extraordinary circumstances or situations where a new case or legal authority has just been published that might impact a fully briefed (but not yet decided) appeal." *Davi Nails Salon & Spa, L.L.C. v. Do*, 346 So. 3d 1288, 1289 (Fla. 2d DCA 2022). We wholeheartedly agree with both courts.

No such extraordinary circumstances or situations existed here. The precedent cited by Appellees' experienced appellate counsel in the notice of supplemental authority was readily available long before their answer brief was due. There is no reason why this case law could not have been "discovered" prior to briefing, nor was any reason given. Accordingly, Appellees' notice of supplemental authority is stricken.

Lastly, because this is a recurring and long-standing problem, we join the Second District Court in urging The Florida Bar's Appellate Rules Committee to consider recommending that rule 9.225 be amended to more explicitly limit the use of notices of supplemental authority. *See id*. at 1290.

AFFIRMED; APPELLEES' NOTICE of SUPPLEMENTAL AUTHORITY STRICKEN.

LAMBERT, C.J., WALLIS and SOUD, JJ., concur.