DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PROGRESSIVE SELECT INSURANCE COMPANY,**
Appellant,

v.

**BROOKE CELESTE WALDEN** and
**RALPH ERICKSON FRENCH,**
Appellees.

No. 4D2024-3266

[July 16, 2025]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne E. Fahnestock, Judge; L.T. Case No. CACE23006550.

Jennifer C. Worden and Emily Silver of Segundo Law Group, St. Petersburg, for appellant.

Brett C. Powell of The Powell Law Firm, P.A., Palmetto Bay, for appellee Brooke Celeste Walden.

No appearance for appellee Ralph Erickson French.

GERBER, J.

The insurer appeals from the circuit court's order denying the insurer's motion to transfer venue of appellee Brooke Celeste Walden's ("the insured") action from Broward County to Polk County. The insurer raises two arguments: (1) the insurer's affidavit supporting the venue transfer motion sufficiently showed Broward County was an inconvenient venue and Polk County was the proper venue; and (2) contrary to the insured's argument and the circuit court's adoption of that argument, the insurer was not required to provide the material witnesses' affidavits stating they would be inconvenienced if the venue remained in Broward County.

We agree with both of the insurer's arguments. Therefore, we reverse the circuit court's order denying the insurer's motion to transfer venue of the insured's action from Broward County to Polk County. We remand for the circuit court to enter an order granting the insurer's motion.

### *Procedural History*

In 2023, the insured sued the insurer in Broward County circuit court for various coverage-related causes of action arising from a two-car accident allegedly caused by Ralph Erickson French (the "underinsured motorist") in Polk County in 2020.  In the same action, the insured also sued the underinsured motorist for negligence.

Regarding the insured's venue choice, the complaint alleged the insurer was "a foreign insurance company … doing substantial business in Florida … [with] representatives and agents … in Broward County."  The complaint further alleged:  "Venue is proper in Broward County … under Fla. Stat. § 47.051 because [the insurer] has an agent or other representative in Broward County."

In 2024, the insurer filed a motion to transfer venue of the insured's action from Broward County to Polk County.  The insurer's motion relied upon section 47.122, Florida Statutes (2023):  "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."  The insurer's motion outlined why Broward County was an inconvenient venue and Polk County was the proper venue:

> **Convenience of the Witnesses** – Polk County is the most convenient forum for the witnesses as a majority are located there.  [The insured] resides in Polk County ….  [The insured's] medical providers are also located in Polk County.  [The underinsured motorist] also resides in Polk County ….
>
> **Convenience of the Parties** – [The insured] and [the underinsured motorist] both reside in Polk County.  Thus, Polk County is the most convenient county for them.  [The insurer] is the only party with any tenuous tie to Broward as the only allegation [regarding that tie] is that [the insurer] has an agent in Broward.  …
>
> **The interests of justice** – … Here, the interests of justice favor Polk County as this is where the accident occurred, where [the insured] resides, where [the insured's] medical providers are located, and where [the underinsured motorist] resides.  In any event, Broward has no community ties and virtually no connection to this lawsuit.  A Broward County jury should not be burdened with this case when all factual occurrences and potential liability witnesses are located in Polk County.  It would be too much of a burden on the

Broward County court to hear a case that has no nexus to the community.

(internal brackets, quotation marks, and footnotes omitted).

To support the motion, the insurer filed a claims manager's affidavit. The affidavit pertinently alleged:

The automobile accident, which is the subject of the Complaint, occurred in Polk County, Florida.

[The insured] is a resident of Polk County, Florida.

[The insured] will testify as to execution of the [uninsured/underinsured] rejection form since her signature is affixed. She will also testify to her own alleged injuries.

[The insured's] medical providers are similarly located in Polk County.

The medical providers will testify as to [the insured's] medical treatment and care, and any future care.

[The underinsured motorist] is also a resident of Polk County, Florida.

[The underinsured motorist] will likely testify about the facts of the accident, liability, and whether he observed any injuries to [the insured].

The parties and witnesses are primarily located in Polk County, Florida.

It is more convenient for the parties and witnesses to have this case decided in Polk County.

Broward County has no nexus to this lawsuit.

(paragraph numbers omitted).

The circuit court held a hearing on the insurer's venue transfer motion. At the hearing, the following discussion occurred:

INSURED'S COUNSEL: [Case law] requires that the witness say that they're going to be inconvenienced, not some corporate representative from [the insurer] opining about

3

inconvenience to any of these other witnesses. They need [statements] either from the police officer, from the doctors, whoever. [The statements are] not there. And based upon the law that is currently in existence, there has to be record evidence in this file that says it's inconvenient to those people. And [the evidence is] not present, Judge. So we would ask that you deny this motion until there is record evidence.

...

INSURER'S COUNSEL: I'm not familiar with the requirement of a witness affidavit. I know it's certainly within the Court's discretion based on the consideration of the convenience of the parties .... [B]oth of the human parties are residents of Polk County. The convenience of the witnesses, again, who will be in Polk County. ... All these people are going to have to travel [to Broward County] and add to the costs of the proceeding when we proceed to trial. ...

COURT: ... [W]hile I recognize all of these people and fact witnesses and medical providers are in Polk County, I don't know that [the insurer's claims manager] can opine as to what is or is not an inconvenience to them without more record evidence. ... [B]ased on the record evidence that I have, I can't grant [the insurer's venue transfer motion] at this time.

After the hearing, the circuit court entered a written order denying the insurer's venue transfer motion.

This appeal followed. *See* Fla. R. App. P. 9.130(a)(3)(A) ("Appeals to the district courts of appeal of nonfinal orders [include] those that ... concern venue[.]").

### *The Parties' Arguments on Appeal*

The insurer raises two arguments: (1) the insurer's affidavit supporting the venue transfer motion sufficiently showed Broward County was an inconvenient venue and Polk County was the proper venue; and (2) contrary to the insured's argument and the circuit court's adoption of that argument, the insurer was not required to provide the material witnesses' affidavits stating they would be inconvenienced if the venue remained in Broward County.

The insured summarily responds:

4

A plaintiff's choice of forum is presumed correct, and a defendant seeking transfer must provide record evidence demonstrating that trial in another county would be *substantially* more convenient for the parties and witnesses. [The insurer] could not bear this burden because its motion is premature at best.

First, [the insurer] offered no record evidence whatsoever that (i) all witnesses reside outside of Broward County and (ii) many or most witnesses currently reside in Polk County, both of which are threshold requirements for a transfer .... Instead, [the insurer] invited the trial court to *speculate*, based on the crash report and claims file, that the witnesses currently reside in Polk County because they appear to have worked there when the accident occurred [in 2020]. As a matter of law, mere speculation is no substitute for evidence. [The insurer's] failure to establish current residency for *any* of the witnesses was fatal to its motion.

Second, [the insurer] failed to show that Broward would be substantially inconvenient for any of the parties or witnesses. [The insured], having selected Broward in the first place, obviously opposes a transfer. [The insurer] offered only self-serving *speculation* from a non-witness employee with no personal knowledge of whether any actual parties or witnesses would be inconvenienced. The basis for his claim was *not*, for example, an affidavit from the codefendant or a medical provider—it was the mere fact that Broward is about 200 miles away from Polk County. As Florida law makes clear, distance from the forum county is not, by itself, proof of substantial inconvenience.

Lastly, a transfer is not warranted in the interest of justice because the witnesses can testify by deposition or remotely via Zoom, as [the insurer's] attorneys have already done in this case.

(internal citation omitted).

The insurer summarily replies:

[T]his is a matter of [the insured] convincing the [circuit] court ... that affidavits by the witnesses themselves are absolutely required to grant a motion to transfer, which is most certainly not the legal requirement.

5

Now, in this Court, [the insured] has doubled down and seeks to impose even more stringent proof requirements to support a motion for transfer that simply do not exist under Florida law. Mainly, [the insured] wishes this Court to believe that [the insurer] must prove that all witnesses definitely reside in Polk County in order to demonstrate that Polk County is a more convenient venue than Broward County for everyone involved (other than [the insured's] attorneys). This is not the legal requirement.

### *Our Review*

Applying abuse of discretion review, we agree with the insurer's arguments. *See Water's Edge Dermatology, LLC v. Christopherson*, 367 So. 3d 508, 510-11 (Fla. 4th DCA 2023) ("An order denying a motion to transfer venue is reviewed for an abuse of discretion. … A trial court abuses its discretion when it denies a motion to transfer based on *forum non conveniens* where there is only an attenuated connection to a venue that bears no relation to the lawsuit's critical events.").

In *Water's Edge*, we reiterated the manner in which a trial court is to review a venue transfer motion:

> A plaintiff may select the venue and that selection will not be disturbed as long as the selection is one of the alternatives in the venue statute. A defendant contesting a plaintiff's facially proper venue selection has the burden of proving the selection is improper and must establish where venue actually lies. ***Once a defendant has challenged venue with an affidavit controverting a plaintiff's venue allegation, the burden shifts to the plaintiff to prove the venue selection is proper.***

> There are three statutory factors a court considers in determining whether to grant a motion to transfer venue pursuant to section 47.122, [Florida Statutes]: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice.

> While the trial court should consider all three of these factors, the convenience of the witnesses is probably the single most important consideration of the three statutory factors. The plaintiff's forum selection is no longer the factor of over-riding importance.

6

*Id.* at 510 (internal indentation, quotation marks, citations, and alterations omitted).

Here, the insurer filed its claims manager's affidavit to challenge the insured's selected venue of Broward County. The affidavit alleged the accident had occurred in Polk County, the insured and the uninsured motorist reside in Polk County, the insured's medical providers reside in Polk County, and Broward County has no nexus to this lawsuit. The insurer's venue transfer motion relied on the affidavit to argue why the convenience of the parties, the convenience of the witnesses, and the interest of justice should result in transferring venue from Broward County to Polk County.

Thus, the burden shifted to the insured to prove her venue selection was proper. *Id.* The insured presented no evidence by affidavit or other source to satisfy that burden. As a result, the claims manager's affidavit was uncontroverted. The affidavit showed why the convenience of the parties, the convenience of the witnesses, and the interest of justice should result in transferring venue from Broward County to Polk County. The circuit court therefore should have granted the insurer's venue transfer motion. *See Eagle Transp. Corp. of N. Carolina v. Roch-Hernandez*, 324 So. 3d 521, 523 (Fla. 4th DCA 2021) ("Florida courts have consistently held that it is error to deny a transfer of venue where a vehicular accident occurs in a Florida county other than the forum county and the witnesses are located outside of the forum county and many or most of the witnesses are located in the county in which the accident occurred.") (citation omitted); *Avis Rent A Car Sys., Inc. v. Broughton*, 672 So. 2d 656, 656 (Fla. 4th DCA 1996) ("[A] trial court abuses its discretion in denying a motion for change of venue when the only connection to the county in which the action is filed is the fact that the nonresident corporation has an agent there.").

Contrary to the insured's argument and the circuit court's adoption of that argument, we are not aware of any case requiring a venue transfer movant to file multiple witness affidavits stating the witnesses would be inconvenienced if the action remained in the original venue. While we are aware of cases where parties have prudently provided multiple witnesses' affidavits supporting a venue transfer motion, none of those cases require multiple witness affidavits. *See, e.g., Pep Boys v. Montilla*, 62 So. 3d 1162, 1164-65 (Fla. 4th DCA 2011) ("Affidavits from two eyewitnesses, three investigating FHP officers, the EMT, and the paramedic were filed in support of the motions. Each affidavit explained that it would be expensive and greatly inconvenient for the witness to travel for court proceedings in Broward County.").

7

We acknowledge the insured's arguments that the insurer's claims manager's affidavit: (1) speculated, based on the crash report and claims file, that the witnesses currently reside in Polk County; and (2) speculated whether any actual parties or witnesses would be inconvenienced. However, our precedent is clear that the manner in which the insured should have confronted those allegations was through her own evidence, which she failed to provide. *See Water's Edge*, 367 So. 3d at 510.

As for the insured's last argument—that a transfer is not warranted in the interest of justice because the witnesses can testify remotely via Zoom—we do not view Zoom or any similar video communications platform as a means by which to overcome an otherwise meritorious venue transfer motion applying the three longstanding criteria for such determinations and the preference for in-person testimony. *See Hu v. Crockett*, 426 So. 2d 1275, 1279 (Fla. 1st DCA 1983) ("The convenience of the witnesses is probably the single most important consideration of the three statutory factors. *This is based on the perception that material witnesses should be located near the courtroom to permit live testimony.*") (emphases added; internal citation omitted).

## *Conclusion*

Based on the foregoing, we reverse the circuit court's order denying the insurer's motion to transfer venue of the insured's action from Broward County to Polk County. The insured shall not be permitted a "second bite at the apple" to present evidence to counter the insurer's venue transfer motion and affidavit. Instead, we remand for the circuit court to enter an order granting the insurer's venue transfer motion.

*Reversed and remanded with directions.*

GROSS and LEVINE, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

8